OLNEY *v.* SHEPHERD and Others.

The return of a sheriff of one county of an attachment directed to the sheriff of another county is void.

An attachment was issued in favour of *A.* Pending the suit *B.* filed in the case an affidavit of a debt, &c., and a bond, &c. The writ was afterwards dismissed as to *A.* *Held*, that the suit was at an end.

*Wednesday,
July 15.*

ERROR to the *Knox* Circuit Court.

BLACKFORD, J.—In *September*, 1839, *Thomas Bishop* having filed in the clerk's office of the Circuit Court of *Knox*

county, an affidavit that *Benjamin Olney* was indebted to him in a certain sum, and was a non-resident, &c., and having filed bond, &c., took out there two writs of foreign attachment against the lands, &c., of said *Olney;* one of which writs was directed to the sheriff of *Knox* county, and the other to the sheriff of *Posey* county: the former writ was returned levied on certain land, &c.; the return to the latter was, that it was not received until after the return-day. In *March,* 1840, another writ was issued in the case directed to the sheriff of *Knox* county, which was returned by the sheriff of *Posey* county levied on certain land, &c. In *August,* 1840, *Shepherd* filed an affidavit that *Olney* was indebted to him, &c.: he also filed a bond, &c. At the *September* term, 1840, it was ordered "that the sheriff's return on the writ directed to the sheriff of *Knox* county be set aside," and that an *alias* issue. In *December,* 1840, an *alias* attachment was issued directed to the sheriff of *Knox* county, which was returned levied on certain land. In *September,* 1841, *Buntin* filed in the case an affidavit of a debt, &c., and a bond, &c. At the *March* term, 1842, publication of the pendency of the attachment was proved. In *October,* 1842, an affidavit of a debt, &c., a bond, &c., were filed in the case by the executors of *Harper.* At the *September* term, 1842 (5th *October*), the plaintiff by his attorney, and also *Buntin, Shepherd,* and the executors of *Harper,* by their attorneys, appeared, and on motion the attachment as to *Bishop* was dismissed at his costs.

Afterwards, at the last-named term, the defendant having been called and his default entered, damages were assessed against him in favour of *Buntin, Shepherd,* and *Harper's* executors, and judgments were rendered accordingly.

These judgments in favour of *Buntin, Shepherd,* and *Harper's* executors, must be reversed. The return of the sheriff of *Posey* county is void, the writ under which he acted not being directed to him. In the writ under which the land in *Knox* county was attached, there was no plaintiff but *Bishop,* and when the writ was dismissed as to him, the suit was at an end. It could not be dismissed as to the only plaintiff, and remain pending as to any other persons. If the Court

committed an error in dismissing the attachment, the parties aggrieved may resort to a writ of error.

*Per Curiam.*—The judgments are reversed with costs. Cause remanded, &c.

*J. Law* and *O. H. Smith*, for the plaintiff.

*S. Judah*, for the defendants.