May Term,
1850.

ELDERKIN
v.
FITCH.

ELDERKIN and Another *v.* FITCH and Another, Administrators of PINEKING, deceased.—In Error.

An original and a cross-bill make but one suit, and when the original is dismissed, the dismissal carries with it the cross-bill.

A plaintiff in chancery has a right to dismiss his bill at any time before final hearing, upon payment of costs, if he be not in contempt.

*FITCH* filed his bill in chancery against *Cooper* and others, praying the foreclosure of a mortgage. One of the defendants made his answer to the original bill a cross-bill against his co-defendants and the plaintiff in the original bill. The plaintiff then dismissed his original bill. The Court, nevertheless, retained the cause as between the co-defendants and decreed in favor of one of them against the others, upon the answer, made, as we have said, a cross-bill.

An original and a cross-bill make but one suit. Dan. Ch. Pr. Vol. 3, p. 1743.—Wilck. Pr. 752.—3 Atk. 812.— *Field* v. *Schieffelin,* 7 John. Ch. R. 250. *Slason* v. *Wright et al.,* 14 Vt. R. 208, was a bill to foreclose a mortgage. A cross-bill was filed. The original bill was dismissed. The Court says, "This disposes of the whole case." "It is true, that in *England,* cross-bills have sometimes been entertained in a different Court from that in which the principal bill was filed"—Story's Eq. Pl. 318—but, in our practice, the cross-bill has been considered a dependency, merely, upon the principal bill. It is so considered in the *United States* Courts. Eq. Pl. by *Story, ubi supra.*

So, we think, in the practice in chancery under our statute, R. S. p. 848, where the answer to the original bill is used as a cross-bill also, in cases requiring such a bill, the two together make but one suit; and, hence, the dismissal of the original bill must carry with it, out of Court, the appendage. In *Olney* v. *Shepherd,* 8 Blackf. 146, this Court held that the dismissal of the attachment by the original attaching-creditor ended the case as to all subsequent creditors who had filed their claims.

A plaintiff in chancery has a right to dismiss his bill at his pleasure, before final hearing, upon payment of costs,

if he is not in contempt. *Smith* v. *Smith*, 2 Blackf. 232. (1.)

The decree of the Court below is reversed. Cause remanded, &c., at the cost of the party prosecuting the cross-bill.

*J. Collins*, for the plaintiffs.

*R. Crawford*, for the defendants.

(1) SMITH, J., was absent.