## STONER *v.* STONER.

If in a proceeding for divorce, a petition, an answer and a cross-petition be filed, and afterwards the petition be dismissed, the whole case is out of Court.

APPEAL from the *Noble* Circuit Court.

PERKINS, J.—Petition by the husband for a divorce. Answer by the wife, denying the bill, setting up matters of complaint against the husband, and praying a divorce on her part. Dismissal of his petition by the husband. Thereupon the wife, without notice to the husband, or any step taken to secure his appearance and answer, submitted

*Nov. Term, 1857.*

STONER
v.
STONER.

*Saturday, November* 28.

Nov. Term,
1857.

her answer and cross-complaint to the Court, and obtained thereon a decree for a divorce in her behalf.

Section 14, 2 R. S. p. 236, enacts that "the defendant may, in addition to his or her answer, file a cross-petition for divorce, and the Court shall, in such case, decree the divorce, if any, in favor of the party legally entitled to the same." But this section applies to a case in which both parties submit the cause on their respective petitions to the Court. Here, that was not done. The plaintiff dismissed his petition. The dismissal carried the whole cause out of Court. *Elderkin* v. *Fitch*, 2 Ind. R. 90.

It is time that legal strictness was adhered to in deciding divorce cases. The facility with which divorces have been granted has proved a curse to the social state. It has proved an incentive to domestic discord, and tended greatly and injuriously to blunt the sense of matrimonial obligations and duties, and weaken the ties which should bind together husband and wife, and children—in short, families—and, in so doing, to demoralize and disorganize society.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded to be dismissed.

*A. Ellison*, for the appellant.