Holzner *et al. v.* Holzner *et al.*

---

HOLZNER ET AL. *v.* HOLZNER ET AL.

PRACTICE.—*Effect of Dismissal by Plaintiff.*—The dismissal of the original petition in a proceeding for partition carries with it a cross petition filed by the defendant, and puts an end to the action.

From the Jefferson Common Pleas.

*J. L. Wilson* and *E. R. Wilson,* for appellants.

*E. G. Leland* and *R. W. Smith,* for appellees.

DOWNEY, J.—This was a petition for the partition of real estate, which, it is alleged, cannot be divided, by the appellees against the appellants. The defendants answered, admitting the facts stated in the petition, and setting up a claim against the appellee Elizabeth Holzner for rents received by her. They also filed a cross petition, admitting the facts in the original petition and demanding partition and an account of rents. The petitioners demurred to the answer and cross petition, and their demurrers were sustained. The petitioners then, by leave of the court, dismissed their petition. The defendants then asked leave to amend their cross petition, which was refused.

We are not able to see any error in this proceeding. The dismissal of the original petition carried with it the cross peti-

tion, and put an end to the action. *Olney* v. *Shepherd,* 8 Blackf.
146; *Elderkin* v. *Fitch,* 2 Ind. 90; *Stoner* v. *Stoner,* 9 Ind.
505. An exception to this rule is made by the code in cases
where a set-off or counter-claim has been pleaded. 2 G. & H.
217, sec. 365. Another exception is in the case of cross peti-
tions for divorce. Acts 1873, p. 111, sec. 15. Attachment
cases form another exception. 2 G. & H. 148, sec. 187. This
case does not come within any of the exceptions.

The judgment is affirmed, with costs.