[No. 576. Decided May 19, 1892.]

JOHN F. WAITE AND SARA A. WAITE, *Respondents*, v. C. H. WINGATE AND ADA WINGATE, *Appellants*.

APPEAL—ERROR NOT SHOWN IN RECORD—FAILURE TO ANSWER INTER-
ROGATORIES—JUDGMENT OF DISMISSAL—PRACTICE IN EQUITY.

The refusal of the superior court to render judgment for defendant because of the plaintiffs' failure to reply to an affirmative answer, will not be treated as ground of reversal on appeal when the record contains no showing of the rule of the court prescribing the time in which a reply must be filed.

Under Code Proc., § 1665, providing that if a party refuse to answer interrogatories, his pleading may be stricken out and judgment taken against him, the only judgment authorized is one of dismissal of his action, where no default is taken for his failure to reply to an affirmative defense, and no proof is introduced in support of the matters alleged in such defense.

There being no statutory provision regulating the right of dismissal in equitable actions by the voluntary act of the party, the complainant may, as at common law, dismiss his bill at any time before final decree, upon the payment of costs.

*Appeal from Superior Court, Spokane County.*

The facts are stated in the opinion.

*Turner & Forster,* for appellants.

The opinion of the court was delivered by

SCOTT, J.—The respondents brought this suit, which the appellants designate as an action to quiet title. The answer contained denials of some of the material allegations of the complaint, and also an affirmative defense which appellants insist amounted to a counter claim, in which was set up a number of conveyances, and wherein title in themselves to the lands in controversy was alleged, upon which they prayed that they be adjudged to be the owners of said lands, and that plaintiffs be adjudged to

have no interest therein.   Plaintiffs did not reply to this
defense.    At the time of answering, interrogatories were
filed by the defendants as provided by chapter 3 of the Code
of Procedure, to which the plaintiffs made no answer.
After the time had expired, the defendants moved for judg-
ment because of the failure of the plaintiffs to answer said
interrogatories, and because of the failure of plaintiffs to
reply to defendants' affirmative answer, which motion was
by the court denied; whereupon the plaintiffs moved to
dismiss their action, which was granted, and to which the
defendants excepted, and appealed to this court.    They
allege as error the refusal of the court to grant their
motion for judgment, for the reasons stated in the mo-
tion, and also the ruling of the court dismissing the ac-
tion on motion of the plaintiffs.   No statement of facts was
settled, and the plaintiffs made no appearance in this
court.

The record presents no ground for a review of the ac-
tion of the lower court in refusing to render judgment for
the defendants upon the pleadings.    Sec. 202 of the Code
of Procedure provides that "the court shall establish the
rules prescribing the time in which pleadings subsequent
to the complaint shall be filed."    We know of no law
otherwise prescribing the time within which a reply must
be filed, and we have no knowledge as to what the rule of
the superior court is or was in this particular.    We could
not take judicial notice of such a rule in any event, and
whatever the rule of the superior court in this respect may
be, it can only be brought to our knowledge by making it
a part of the record.    We cannot presume that the time
had expired within which the plaintiffs could have replied
to the affirmative defense, nor do we know what the cir-
cumstances were which influenced the court to deny the
motion of the defendants for judgment upon this ground.
There might have been such a showing made as would

have warranted the court in denying the motion and granting an extension, even if the time had expired.

As to the other ground of the motion for judgment, § 1665 of the Code of Procedure provides that if a party refuse to answer any interrogatories filed, his pleading may be stricken out and judgment taken against him.    But we do not think this would of itself warrant a judgment for anything more than a dismissal of the action.    The allegations of the answer were not admitted unless the plaintiffs failed to reply within the time provided, whatever it was.    No default was taken against the plaintiffs for failure to reply, nor was one asked unless the motion for judgment could be construed to be one.    No proof was introduced in support of the matters alleged in the affirmative defense, and under the circumstances the only judgment to which the defendants could have been entitled was a judgment of dismissal.

As to the error alleged, which is grounded upon the court's allowing the plaintiffs to dismiss their action, we have decided in the case of *Somerville v. Johnson*, 3 Wash. 140, that § 409 of the Code of Procedure (which was § 286 of the Code of 1881), relating to non-suits, does not apply to equitable actions, and that as we have no statutory provisions regulating the right of dismissal in equitable actions by the voluntary act of the party, the right exists as at the common law, which allows the complainant at any time before final decree, upon the payment of costs, to dismiss his bill.    It is a rule of the common law that the original bill and the cross bill, where one is filed as a defense thereto, constitute but one suit, even though affirmative relief be asked in the cross bill; that the whole constitutes but one cause, and a dismissal of the original bill carries the cross bill with it.    See *Elderkin v. Fitch*, 2 Ind. 90; *McGuire v. Circuit Judge*, 69 Mich. 593.

It follows, from what has been said, that there is no error disclosed by the record in the premises, and the judgment of the superior court dismissing the action is affirmed.

ANDERS, C. J., and DUNBAR, HOYT and STILES, JJ., concur.