[No. 1952. Decided January 9, 1896.]

EDWARD DUGGAR *et ux.*, *Appellants*, v. T. H. DEMPSEY *et ux.*, *Respondents*.

COUNTERCLAIM — VALIDITY OF DEED — RESCISSION OF CONTRACT OF SALE — ALTERATION OF INSTRUMENT — EVIDENCE.

In an action for the rescission of a contract for the sale of land, and for the cancellation of notes and mortgage given to secure the purchase price, a counterclaim asking for the foreclosure of the mortgage on account of breach of conditions therein may properly be interposed.

The presumption as to the due execution of a deed, regular upon its face, and shown to have been signed by each of the grantors therein is not overcome by the testimony of the grantee that one of the grantors was out of the city at the time of its execution and could not have signed the deed.

A purchaser under a contract of sale of land, in the absence of any fraud on the part of the vendor, is not relieved of his obliga-

tion to demand a deed as a condition of his right to rescind for failure to deliver a valid deed, merely because the vendor has delivered to him a deed which was incomplete when executed.

The force of written instruments, fair upon their face, cannot be changed by oral proof of alteration, unless it is of a satisfactory character.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge.  Affirmed.

*R. S. Jones* (*Brinker, Jones & Richards,* of counsel), for appellants.

*S. H. Piles,* for respondents.

The opinion of the court was delivered by

Hoyt, C. J.—On or about March 31, 1893, the defendants were the owners of the real estate the title to which is involved in this action.  The paper title was in the defendant Rowena R. Dempsey, wife of the other defendant, but whether she held such title as her own separate property, or for the community composed of herself and husband, did not clearly appear and was not material upon any question presented by this record.  On or about that day the defendant T. H. Dempsey sold the property to Edward Duggar one of the plaintiffs.  The other plaintiff is his wife.  At the time of such sale $200 of the purchase price was paid and a receipt given therefor which contained a memorandum of the terms and conditions of the sale, one of which was that upon the payment of the further sum of $800 a deed was to be given to said Duggar, subject to a mortgage then on the property.  The remainder of the purchase price was to be secured by promissory notes of the said Duggar, secured by a mortgage executed by himself and wife.  Soon thereafter the $800 was paid and what purported to be a deed from said T. H. Dempsey and his wife delivered to said Edward

Duggar, who executed notes to said T. H. Dempsey in accordance with the conditions of the contract and caused them to be secured by a mortgage on the property. The deed and notes and mortgage were not delivered until about the 5th of April, 1893, but the deed having been dated March 30th, it was agreed that the notes and mortgage should also be dated on that day. Prior. to the delivery of the deed the plaintiffs were put in possession of the property and have continued in such possession.

For more than a year after the transactions connected with the contract of sale and the making of the deed and notes and mortgage, the plaintiffs from time to time made payments substantially in accordance with the conditions of the notes, when they ceased to make payments, and soon thereafter commenced this action, by which they sought to have the contract of sale rescinded, the mortgage and notes outstanding canceled, and to recover back the moneys paid by them upon the contract, together with certain other sums alleged to have been expended in improving the property. The ground upon which this relief was sought was that the deed which had been delivered and which purported to be that of the defendants, husband and wife, had never been executed by the wife, and that for that reason no title had passed to the plaintiffs; that at the time such deed was delivered the defendant T. H. Dempsey knew that it was void, and caused it to be so delivered with the intent to defraud the plaintiffs. The defendants denied the material allegations of the complaint, and alleged by way of cross-complaint or counterclaim that the conditions of the mortgage had been broken, and asked that it be foreclosed. The plaintiffs made a motion to strike this cross-complaint or counterclaim,

and the refusal of the court to grant such motion is the first error relied upon for a reversal.

Was the foreclosure of this mortgage so connected with the subject matter of the plaintiffs' action as to be entitled to be put in by way of counterclaim? One of the objects of the suit was to have this mortgage and the notes secured thereby declared invalid, and to have them canceled and delivered up. This being so, their validity was necessarily involved in a trial of the issues made upon the complaint, and that was one of the issues which would necessarily have arisen, if an independent action to foreclose the mortgage had been instituted by the defendants. The facts to be determined under the complaint in this action, and in an independent action to foreclose the mortgage, would have been substantially the same; hence there was no good reason why the whole matter should not be determined in the action first brought. The subject matter of the counterclaim was so connected with the cause of action set out in the complaint that it could properly be interposed.

The other alleged errors depend almost entirely upon the claim that the court erred in its findings of fact. The court found against the claim of plaintiffs upon every material issue, and if its findings are supported by the evidence its judgment in favor of the defendants must be allowed to stand. But it is earnestly contended by the appellants that the material findings are entirely unsupported by the proofs. It so clearly appeared from the evidence that the name of defendant Rowena R. Dempsey, who it was alleged had not signed the deed, had been by her written where it appeared in said deed, that it is not contended that the court did not rightfully find such to have been the fact; but it is claimed that the circumstances sur-

rounding the execution of the deed made it certain that if she in fact wrote her name where it appeared upon it, the instrument was in an incomplete state; that at the time neither the name of the party of the second part, the consideration, nor the date when executed was written therein; that for that reason it was no more her deed than it would have been if her name had not appeared thereon.

It is not necessary to decide as to the effect of a deed executed when so incomplete, for the reason that we are not satisfied that such was the state of the one under consideration when executed by said defendant. The evidence tending to show that it was incomplete at the time of its execution is unsatisfactory. It was founded entirely upon the claim that negotiations by the plaintiffs for the purchase of the property were not commenced until after said defendant left the city of Seattle for San Francisco, while it clearly appeared that she signed the deed before she left. The evidence of both of the defendants was to the effect that the negotiations were commenced before the defendant Rowena R. Dempsey left for San Francisco, and that the deed was filled out at the time it was executed by her.

It appeared that said defendant left on a certain day. Hence, the day on which the negotiations commenced was material. Plaintiffs testified that it was on the 30th day of March, but gave no reason why they remembered that it was on that day except as it related to certain days upon which the plaintiff Edward Duggar was off from duty as conductor on a railroad. But no reason was given why they remembered such days. Hence, their testimony as to the date of the negotiations is not aided by any circumstance which could be relied upon to fix such date. Testi-

mony as to the exact date of an occurrence long past
was of little value unless aided by reference to some
circumstance the date of which was known. Especially was this so for the reason that it would have been
easy to furnish more satisfactory evidence if the facts
were as claimed by plaintiffs. The date when he was
laid off as conductor must have appeared upon the
books of the railroad company, and it would have
been easy to have so fixed it that it could not have
been questioned. Under all the circumstances the
evidence was insufficient to overcome the presumptions flowing from a deed regular upon its face, shown
to have been signed by each of the grantors named
therein.

There was in the proofs some evidence other than
that referred to tending to show that the consideration
for which the land was to be sold was not in the deed
at the time it was executed. But even if the consideration had not been written in at the time it was
signed by the wife, that fact alone would not, in our
opinion, under the circumstances, make the deed void.

But it is not necessary to decide as to whether or not
the deed in question was properly executed. That a
contract of sale was entered into between the plaintiffs and the defendant T. H. Dempsey is not disputed,
and this contract could not be rescinded by the plaintiffs until default had been made by said Dempsey,
and he would not be in default for not delivering a
deed until one had been demanded. It was shown
that no demand had ever been made. The claim that
the contract could not be avoided without it was clearly
made in the brief of respondents. In their reply brief
appellants substantially concede that such is the general rule, but say that it does not apply for the reason

26 — 13 WASH.

that in their complaint they allege the fraud of the defendant T. H. Dempsey, on account of which they could not safely demand a deed. But the fact that allegations of fraud were contained in the complaint could not deprive defendants of any rights unless such allegations were supported by proof, and a careful examination has satisfied us that there was no evidence tending to show any intent on the part of the defendants, or either of them, to defraud plaintiffs. Even if the deed was executed in an incomplete state, that fact alone would not tend to show that it was understood and intended to pass only a pretended title to the plaintiffs, and that thereafter the grantor who had signed the deed in its incomplete state should refuse to be bound thereby. Beside, we are of the opinion that the superior court was right when it found that the defendant Rowena R. Dempsey was estopped from claiming that the deed in question was void. The only circumstance relied upon to prevent this estoppel was an alleged conversation between said defendant and one of the plaintiffs, but under all the circumstances we do not think that such conversation could be invoked for that purpose. That it was not at the time deemed important by the plaintiffs is shown by the fact that for a long time thereafter they continued to recognize the contract and make payments thereon. This disposes of plaintiffs' case.

Upon the issues raised upon the counterclaim but one question of fact was presented. It was claimed on the part of the plaintiffs that the notes secured by the mortgage had been changed by filling what was a blank at the time of their execution with the word "quarterly," so as to make the interest payable quarterly. The trial court found against this contention of plaintiffs, and we think rightfully. It is true that

the plaintiff Edward Duggar testified that at the time he signed the notes the word "quarterly" was not written in them, and his evidence was supported in some degree by that of his wife; but their testimony was much weakened by the fact, also testified to by them, that the interest was to be paid annually, when by the terms of the notes it would only be due with the principal if the space now filled by the word "quarterly" had been left blank. Some of the notes had several years to run; hence, if the blank was unfilled, they did not express the agreement testified to by plaintiffs. Against this was the testimony of defendant T. H. Dempsey, confirmed by the appearance of the notes and by the testimony of the witness Jacobs, who at the time of the execution of the notes and mortgage was present as an attorney representing the interests of the plaintiffs. It is true that he would not say whether or not the blanks were filled at the time the notes were signed, but it was easy to be seen from what he did say that he was strongly inclined to the opinion that they were. The force of written instruments, fair upon their face, should not be changed by oral proof unless it is of a satisfactory character, and such was not the character of the proof offered to show that these notes had been changed after execution.

We are of the opinion that upon the entire record the superior court made such a decree as the pleadings and proofs warranted and it will be affirmed.

DUNBAR, ANDERS, SCOTT and GORDON, JJ., concur.