PARTEE *v.* GOLDBERG.

(*Nashville.*    January  18,  1899.)

CHANCERY PLEADING AND PRACTICE.  *Dismissal of original bill does not discontinue cross bill.*

Complainant's voluntary dismissal of the original bill, after cross bill, or answer as cross bill, has been filed, averring facts upon which specific and affirmative relief is claimed and may be granted, and after proof has been taken upon the issues presented by the original and cross bill, does not operate to discontinue or terminate proceedings under the cross bill.

Code construed: § 6133 (S.); § 5066 (M. & V.); § 4323 (T. & S.).

Cases cited: Odom *v.* Owen, 2 Bax., 450; Nichol *v.* Nichol, 4 Bax., 158; Comfort *v.* McTeer, 7 Lea, 662; Croft *v.* Johnson, 8 Bax., 394; Fisher *v.* Stovall, 85 Tenn., 316.

FROM   DAVIDSON.

Appeal from  Chancery Court of Davidson County. H. H. COOK, Ch.

A.  S.  COLYAR  and  F.  G.  EWING  for  Partee.

STOKES  &  STOKES  for  Goldberg.

WILKES, J.   The question presented in this case is whether, after an answer has been filed as a cross bill, and has been replied to, and proof taken on the issues presented by the original and cross

Partee *v.* Goldberg.

bill, the complainant has the right to dismiss his original bill and take with such dismissal the cross bill, and thus terminate the controversy raised by it.

It appears that complainants dismissed the original bill, and afterwards, at the same term, defendants were permitted to have the case reinstated on the docket for the determination of the matters arising under the cross bill. The cause was then heard by the Chancellor upon the original bill, the answer and cross bill, and proof, and he held that neither the original nor cross bill was supported by the proof, and both were dismissed. The decree further adjudicated that the attempted dismissal of their suit by the complainants was ineffectual, and could not avail to take away the right of defendants to proceed on the cross bill. Complainants alone appealed. The Court of Chancery Appeals affirmed the decree of the Chancellor, and complainants appealed to this Court.

The Court of Chancery Appeals report that the cross complainants did not appeal from the decree of the Chancellor dismissing their bill, and that complainants failed to make out by proof the fraud alleged, necessary to make out their case. So that the only question before us is the one already stated—whether the cross complainants were entitled to be heard on their cross bill after the complainants had dismissed their original bill.

The cross bill made charges against complainants, arising out of the matter set up in the original

bill, and sought specific and affirmative relief. The general rule is stated to be that the dismissal of the original bill carries with it the cross bill, as the latter is ordinarily considered merely·an auxiliary of, and·dependent on, the original bill, and this is certainly the case where the subject-matter of the cross bill is simply defensive of the case made by the original bill. 5 Enc. Plead. & Prac., 662, 663. But when the cross bill sets up additional facts relating to the subject-matter embraced in the original bill, but which facts are not alleged in the original bill, and asks affirmative relief, the dismissal of the original does not dispose of the cross bill, and the latter remains for disposition as if it had been filed as an original bill. 5 Enc. Plead. & Prac., 663; see cases cited in footnotes.

Under our practice and the provisions of our statute (Shannon, § 6133), an answer filed as a cross bill has the same force and effect as if the defendant had answered and then filed a cross bill, and is not limited to the purposes of defense alone, but is an auxiliary suit for the purpose of enforcing rights growing out of the transaction involved in the original suit, but set up in the cross bill, and of bringing forward offsets and counter demands. *Odom* v. *Owen*, 2 Bax., 450; *Nichol* v. *Nichol*, 4 Bax., 158; *Comfort* v. *McTeer*, 7 Lea, 662.

It is said, however, that there is a distinction between a cross bill proper and an answer filed as a cross bill upon the point of practice here involved.

It appears that Chancellor Cooper held, in 3 Tenn.
Chan. Rep., 284, that a cross bill is simply de-
fensive, and if the original bill is dismissed the
defense necessarily fails also, and although a regular
cross bill might in some cases be treated as an
original bill, no such favor can be shown to an an-
swer filed as a cross bill, and in that case he held
that the answer filed as a cross bill must go with
the original bill, though it charged facts calling for
affirmative relief.   Chancellor East, in the Court be-
low, held the same rule in *Nichol* v. *Nichol*,
reported in 4 Baxter, 158, but the Supreme Court
did not sustain this holding, but said the cross bill,
and answer as a cross bill, stood on the same
ground, and the dismissal of the original bill did
not carry with it the answer and cross bill.   In
*Fisher* v. *Stovall*, 1 Pick., 316, it was held that
even when there was no cross bill the original bill
could not be dismissed without the consent of de-
fendant in cases where there has been an interlocu-
tory decree determining a right in favor of defend-
ant against complainant, or deciding a matter in
which defendant has an interest.   This is in accord
with the general rule as laid down in *Croft* v.
*Johnson*, 8 Bax., 394; 6 Enc. Plead. & Prac., 848.
We are of opinion, therefore, that complainant
did not have the power to deprive the defendant of
the right to a hearing upon his cross bill by dis-
missing the original.   The Chancellor heard the case
on the matter set up in the original and cross bill,

and decided that cross complainants were entitled to no relief, and they did not appeal. The complainants also failed to sustain their original bill, both before the Chancellor and Court of Chancery Appeals, so that the only useful result of the litigation appears to be to adjudge the costs and settle a rule of practice which results in no substantial judgment for either party.

The decree of the Court of Chancery Appeals is affirmed.