[No. 7032. Decided February 8, 1908.]

## J. Q. REYNOLDS et al., Appellants, v. M. M. DICKSON et al., Respondents.[1]

PLEADING—DEMURRER TO COUNTERCLAIM—WAIVER. A demurrer to a counterclaim, on the ground that it did not arise out of the same transaction as the cause set out in the complaint, is waived by the admission, without objection, of evidence in support of the counterclaim.

SETOFF AND COUNTERCLAIM—CLAIMS ARISING FROM SAME TRANSACTION. In an action to rescind a sale and cancel a chattel mortgage given by the plaintiffs, a counterclaim setting up the mortgage and seeking its foreclosure is so connected with the cause of action that it may be properly interposed.

SALES—RESCISSION BY VENDEE—FRAUD—EVIDENCE — SUFFICIENCY. Proof of fraud in the sale of a stock of goods, in that the invoice price was concealed and misrepresented by the vendors, is not sufficiently definite and convincing, where it appeared that, although the vendor's invoice book could not be found, from which the amount of goods on hand at the time of the sale could have been ascertained, the vendees had been in possession for five months, selling and adding to the stock, and keeping no account which would show what proportion of the goods had been sold, and there was no testimony showing fraud or conspiracy, and from the whole evidence the court could only hazard a guess as to the actual amount of goods delivered.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered July 8, 1907, in favor of the defendants, upon granting a nonsuit at the close of plaintiff's testimony, and the overruling of a demurrer to the cross-complaint, in an action to rescind a sale. Affirmed.

*Martin & Wilson,* for appellants.

*Merritt, Hibschman, Oswald & Merritt,* for respondents.

DUNBAR, J.—The complaint in this case, briefly stated, alleged that the respondents, who were engaged in the mercantile business in the town of Reardon, state of Washington,

[1]Reported in 93 Pac. 910.

defrauded the appellants, who were farmers and alleged to be inexperienced in the mercantile business, by inducing them to exchange their farm for a stock of goods. The agreed value of the farm or real estate was $7,000. Under the contract they were to receive goods out of the respondents' store to that amount. An invoice was taken and it was discovered that there was some $1,630 in goods in excess of $7,000, the value of the real estate. For this $1,630 worth of goods, the appellants gave their note and chattel mortgage. It is alleged that the goods did not invoice the amount which the invoice showed by the sum of $3,630, the plaintiffs alleging that the invoice book had been stolen by the defendants immediately upon the conclusion of the trade, and that the fraud had not been discovered until about five months after the trade had been made. The prayer was, for a temporary restraining order to prevent the respondents from in any way interfering with the goods; that the chattel mortgage be canceled; that the deed to the land, which had been executed, be canceled; that the agreement made and entered into be rescinded, and that, in case it was found impossible to place the parties to the agreement in the position which they had occupied prior to the contract, they take judgment against the respondents in the sum of $3,630, together with costs and disbursements.

The respondents answered, denying all the material allegations of the complaint, and asking for damages by reason of the failure of the appellants to pay certain mortgages on the real estate which they had sold to respondents, and which it was alleged they had agreed to pay, and also asking for a foreclosure of the chattel mortgage aforesaid. After the appellants had introduced their testimony, on motion a nonsuit was entered against them, and evidence was heard in support of the respondents' cross-complaint, and judgment entered in favor of the respondents upon both demands. A demurrer was interposed to the affirmative answer and cross-complaint of the respondents, which demurrer was overruled. It is as-

signed that the court erred in overruling this demurrer, in sustaining objection to testimony offered for the purpose of showing the amount of goods on hand in February when the second invoice was taken, in rejecting proof tendered by appellants as shown by the statement of facts, and in granting the nonsuit, in rendering judgment on respondents' cross-complaint, and in not granting a new trial.

The first contention is that the demurrer should have been sustained to the answer and cross-complaint, for the reason that it did not set forth a counterclaim under the statute. It is admitted by appellants that, if the counterclaim arises out of the same transaction, it is sufficient, but it is contended that it did not. Testimony was introduced in support of this affirmative defense without objection on the part of the appellants, and under the rule laid down by this court in *Jacobson v. Aberdeen Packing Co.*, 26 Wash. 175, 66 Pac. 419, the defect, if any, has been cured. But in addition to this, it seems to us that the affirmative matter here was undoubtedly so connected with the subject-matter of the plaintiffs' action that it was entitled to be admitted by way of counterclaim. What was said by this court in *Duggar v. Dempsey*, 13 Wash. 396, 43 Pac. 357, applies in full force to this case. There it was said:

"One of the objects of the suit was to have this mortgage and the notes secured thereby declared invalid, and to have them canceled and delivered up. This being so, their validity was necessarily involved in a trial of the issues made upon the complaint, and that was one of the issues which would necessarily have arisen, if an independent action to foreclose the mortgage had been instituted by the defendants. The facts to be determined under the complaint in this action, and in an independent action to foreclose the mortgage, would have been substantially the same; hence there was no good reason why the whole matter should not be determined in the action first brought. The subject-matter of the counterclaim was so connected with the cause of action set out in the complaint that it could properly be interposed."

So far as the merits of the case are concerned, we are not inclined to disturb the judgment of the trial judge. The admission of testimony showing the amount of goods on hand in February would not have aided the court in determining the amount of goods on hand at the time of the sale in September; for while it is true the appellants testified that they had kept an account of the cash sales and testified to the amount of such sales, it appeared from their own testimony that they were unable to determine from that fact what amount of goods such cash receipts represented according to the original invoice price. They testified that some of the goods were sold at the regular retail price, some at cost, and some below cost, and that they could not tell what proportion had been sold at a profit, what proportion at cost, and what proportion below cost. The whole testimony was so indefinite that the court could only hazard a guess as to the actual amount of the goods delivered. There was no testimony offered showing fraud or conspiracy on the part of the respondents, and no testimony tending to prove the allegation of the complaint that the respondents had stolen the invoice book, all the testimony on that subject being to the effect that the appellants had not been able to find it. This stock of goods had been received by the appellants at the price shown by the invoice. They assumed control of the business and managed it for nearly five months, buying, selling, and replacing goods, before making the discovery that they had been defrauded by misrepresentations as to the amount of goods they had received. Under such circumstances proof of fraud ought to be more definite and convincing than is the testimony given and tendered in this case.

Affirmed.

HADLEY, C. J., MOUNT, CROW, FULLERTON, and RUDKIN, JJ., concur.