[No. 7116.  Decided February 11, 1908.]

JAMES B. GRAY, *Appellant*, v. H. H. GRANGER *et al.*,
*Respondents.*[1]

APPEAL—RECORD — BILL OF EXCEPTIONS — AFFIDAVIT.  An order
denying a continuance cannot be reviewed on appeal where the
affidavit on which it was based was not brought up by a bill of
exceptions or statement of facts.

DISMISSAL AND NONSUIT—VOLUNTARY—SETOFF AND COUNTERCLAIM.
The plaintiff is not entitled to dismiss his action to quiet title,
claimed under a certain land contract, alleged to have been fraud-
ulently assigned to defendant, after answer by the defendant set-
ting up title in himself by virtue of the assignment of the contract
and conveyance thereunder, and praying that his title be quieted;
since the answer is a counterclaim connected with the subject of the
action and arises out of the same contract or transaction set out in
the complaint.

Appeal from a judgment of the superior court for Lincoln
county, Warren, J., entered June 29, 1907, upon findings in
favor of the defendants, after a trial on the merits before the
court without a jury, in an action to quiet title.  Affirmed.

*E. T. White, Cordiner & Cordiner*, and *John C. Kleber*, for
appellant.

*Neal, Sessions & Myers*, for respondents.

DUNBAR, J.—Epitomizing the pleadings in this case, the
complaint alleged, that at the time of the commencement of
the action and for more than fifteen years immediately prior
thereto, plaintiff had been in possession of certain lands de-
scribed therein; that theretofore the plaintiff had purchased
said lands from the Northern Pacific Railroad Company, re-
ceiving therefor a land contract, and that the said land con-
tract was duly paid by the said plaintiff to the said railroad

[1]Reported in 93 Pac. 912.

company as therein provided; that subsequently the plaintiff borrowed from the Big Bend National Bank, of Davenport, the sum of $610.24, and gave a note to said bank as evidence of such loan; that in order to secure the payment of the said loan, plaintiff, concurrently with the execution of said note, assigned the said contract to the said bank, for security and as security only; that subsequently the bank procured from the railroad company, under and pursuant to the terms and provisions of the contract aforesaid, a deed to said land; that the said assignment of the said contract and the said deed made under said contract were given, accepted, and held by said bank as security for said loan only, and that the real title to said land always did, and now does, vest in the plaintiff; that thereafter, to wit, on November 25, 1904, the said bank became insolvent and one Eugene T. Wilson, as receiver, took charge of its assets, and thereafter, without foreclosing the security given it by the plaintiff and without any proceedings upon the note, which had been renewed, to enforce the payment of the same and to condemn the said land for the payment of the same, conveyed the same to the defendants; alleged that such sale was null and void, and that the claim of the defendants to the land in question was without any right whatever, and that the said defendants had no estate, right, title, or interest whatsoever in or to such land or premises, or any part thereof; prayed judgment that the plaintiff be pronounced the real owner of the land; that the bank be held to have held such lands as security only for the payment of the note; that the deed by the said receiver to the defendants be declared null and void; that the said defendants be decreed to make, execute, and deliver to plaintiff a deed of conveyance to all of their right, title, and interest in said lands, or if they fail to do so, that some person be appointed by the court to execute such deed, and in the meantime that the defendants be enjoined from selling, conveying, mortgaging, or otherwise interfering with said lands.

The answer denied the material allegations of the complaint, and for an affirmative answer alleged, that the defendants, since the 14th day of October, 1905, had been the owners in fee simple of the property described in the complaint, and that since said time had been in the actual, open, notorious possession thereof; alleged the execution of the deed by the bank to the defendants; that the actual value of the property had been paid by the defendants for the land; that at the time of the purchase there were no improvements upon said premises; that the same were unfenced and unoccupied by plaintiff or any one else; that defendants, prior to the purchase of said land, went over said land and examined the same and ascertained that the same was not in the possession of any person whomsoever; that defendants nor either of them had any knowledge or information of any character from any source whatever of any claim on the part of plaintiff or any other person; that the land was purchased in good faith for a fair and reasonable consideration, relying upon the record title as shown by the county auditor's office of said county; and prayed, that plaintiff take nothing by the action; that defendants be decreed to be the absolute owners of said land; that all clouds upon the title of defendants on said property by reason of any claims to said premises be removed, and that defendants' title to said property be purged of all claims whatever by plaintiff against said property. The reply denied the affirmative matter set up in the answer.

When the case came on for trial, the plaintiff asked for a continuance, which was denied, and he then moved to dismiss his action, which was also denied by the court. The case then proceeded to trial, both the plaintiff and defendants offering testimony. Judgment was entered in favor of the defendants. The plaintiff appeals from such judgment, assigning that the court erred in denying appellant's motion for a continuance, and denying appellant's motion to dismiss the action and for judgment of nonsuit, and in entering judgment for respondents.

The appellant's motion for a continuance was based on a purported affidavit by the appellant to the effect that one C. C. May was a necessary and indispensable witness for and on behalf of the plaintiff, and that he was not now, and had not been since the commencement of the action, a resident of the state; setting forth what he expected to prove by said witness. Motion is made to strike this affidavit from the files, which must be sustained under the uniform rulings of this court. So far as the record appears, this affidavit comes to this court without any proof of its having been a part of the record or of the statement of facts. It is true that, in the case of *State v. Vance*, 29 Wash. 435, 70 Pac. 34, affidavits used in the court below were considered on appeal, but, as expressly stated, on the ground that they constituted a part of the motion before the lower court and were referred to and identified in express terms by the court in passing upon the motion before him. This case was distinguished from the case at bar, and from former and subsequent cases in which this question has arisen, in *Chevalier & Co. v. Wilson*, 30 Wash. 227, 70 Pac. 487, where the cases were reviewed, and where it was stated that the question was settled that affidavits introduced in the lower court would not be considered on appeal unless included in the statement of facts and certificate of the trial judge.

On the second proposition, that the court erred in not allowing the plaintiff to dismiss the action and for a judgment of nonsuit, it was decided in *Waite v. Wingate*, 4 Wash. 324, 30 Pac. 81, that the plaintiff had a right to dismiss his action where the answer contained denials of some of the material allegations of the complaint, and also affirmative defenses which defendants had denominated a counterclaim, and in which title was set up in themselves, which it will be seen is substantially the condition of the case here. But this case was overruled in *Washington Nat. Building etc. Ass'n v.*

*Saunders,* 24 Wash. 321, 64 Pac. 546, where the cases were reviewed at length and where it was said:

"It is concluded that the rule announced in *Waite v. Wingate, supra,* is not in consonance with the spirit of the code nor in accord with the better authorities."

And in concluding the case it was said:

"It would seem inconsistent with our liberal practice to dismiss the action, and then allow the same relief upon the commencement of another action in different form."

It is contended by the appellant that the affirmative matter pleaded in the answer does not constitute a counterclaim and is not a set-off. Bal. Code, § 4912 (P. C. § 379), provides that:

"The answer of the defendant must contain:—

"(1) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief;

"(2) A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language without repetition."

Section 4913 (P. C. § 380), says:

"The counterclaim mentioned in the preceding section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:—

"(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

The subject of the action here is the title to the land in controversy, and certainly the answer of the defendants arises out of both the contract and the transaction set out in the complaint, and is very materially connected with the subject of the action. The general rule is that statutes allowing coun-

terclaims should be construed liberally, to the end that controversies may be adjusted in a single action; and under the reform procedure adopted by this state, it would be a pernicious practice to drive parties from a court which had jurisdiction of the subject-matter and jurisdiction of the parties, to the commencement of another action in the same forum. This has been the uniform decision of this court. That the affirmative matter pleaded in the answer was so connected with the subject-matter of the plaintiff's action as to be entitled to be put in by way of counterclaim, see *Duggar v. Dempsey*, 13 Wash. 396, 43 Pac. 357; *First Nat. Bank v. Parker*, 28 Wash. 234, 68 Pac. 756; *Reynolds v. Dickson*, ante p. 407, 93 Pac. 910.

The reason assigned by appellant to sustain his contention that the affirmative answers are insufficient to constitute a counterclaim, is that it does not show any adverse claim on the part of the appellant. We think this is too narrow a construction to put upon the answer. While the answer in words does not state that the appellant has an adverse claim, the whole tenor of the answer is to the effect that he does. The complaint which brought forth the answer alleged this claim in no uncertain language, and was notice to the respondents that the appellant did claim the land in question. So that it would be doing violence to a construction of the whole record to hold that there was no allegation in the answer that the appellant alleged a claim to the land; and also the prayer of the answer, which is a part thereof, and which demanded relief from the allegations of the complaint in relation to the title to the land.

The court on the merits found all the questions of fact in favor of the respondents, finding that none of the averments of the complaint had been sustained. These findings are not excepted to. No error is discovered in the record, and the judgment will therefore be affirmed.

HADLEY, C. J., CROW, MOUNT, ROOT, FULLERTON, and RUDKIN, JJ., concur.