McDowell *v.* Hunt Contracting Co. *et al.*

(*Nashville.*   December Term, 1915.)

1.  **EQUITY.   Dismissal of bill.   Effect as to cross-bill.**

The complainant's dismissal of the original bill ordinarily car-
ries with it the cross-bill or the answer when filed as a cross-
bill; but, where neither the cross-bill nor the answer filed as
a cross-bill sets up ground for affirmative relief on which proof
has been taken, the dismissal of the original bill does not carry
with it the cross-bill or answer filed as a cross-bill, but leaves
such cross-bill in court for prosecution to final decree. (*Post,
pp.* 441, 442.)

Case cited and approved:  Partee v. Goldberg, 101 Tenn., 664.

2.  **EQUITY.   Dismissal of bill.   Effect as to cross-bill.   New
      matter.**

Complainant, member of a firm, filed his bill to attach and im-
pound defendant's judgment against the firm to satisfy an in-
debtedness due him from the defendant, and made the de-
fendant's solicitor in the recovery of the judgment, having a
lien thereon to secure his reasonable fee, a party defendant,
that the court might determine the amount of his fee, and that
complainant might subject the remainder of the judgment to
his own claim, and the defendant answered denying any liability,
and filed its answer as a cross-bill against the solicitor to have
his fee adjudicated;  jurisdiction over the solicitor, a non-resi-
dent, being obtained in the county by the fact that another par-
ty defendant to the original bill resided in that county.  The
complainant and the defendant compromised their differences,
and the complainant's firm agreed to pay a certain amount into
court upon the solicitor's release of his lien, which was done,
whereupon complainant dismissed his suit, and the chancellor,
on motion of the defendant solicitor, dismissed the cross-bill.
*Held,* on defendant's appeal from the dismissal of the cross-bill,

that such dismissal was proper, as after the dismissal of the original bill the jurisdiction over the defendant to the cross-bill was released, and there was no reason for holding him before the court, and the cross-bill sought no new matter but the same relief. (*Post, pp.* 442, 443.)

Cases cited and approved: Elderkin v. Fitch, 2 Ind., 90; Ables v. Planter's etc., Ins. Co., 92 Ala., 383.

3. **APPEAL AND ERROR.   Matters reviewable.   "Cross-bill."**
A "cross-bill" is auxiliary to and dependant on the original litigation and incorporates itself within and becomes a part of the original bill, so that it is one suit, and so wedded together are the two bills that an appeal takes them both up. (*Post, pp.* 443, 444.)

4. **EQUITY.   Cross-bill.   Answer.**
While the statute, Shannon's Code, sec. 6133, allows an answer to be filed as a cross-bill against the original complainant, it is improper to incorporate in an answer to the bill a cross-bill against other parties. (*Post, pp.* 444, 445.)

Case cited and approved: Hall v. Fowlkes, 56 Tenn., 754.

Code cited and construed: Sec. 6133 (S.)..

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County.—JNO. ALLISON, Chancellor.

M. P. ESTES and H. M. CARR, for appellant.

GREEN, WEBB & TATE and J. W. STAPLES, for appellee.

MR. JUSTICE FANCHER delivered the opinion of the Court.

The Hunt Contracting Company recovered a judgment in the supreme court at Knoxville against the McDowell Construction Company for the sum of $9,245. J. R. McDowell, who was a member of the firm composing the McDowell Construction Company, filed the bill in this case for the purpose of attaching and impounding said recovery to satisfy an indebtedness of about $8,000, alleged to be due him by the Hunt Contracting Company. Horace M. Carr was the solicitor for the Hunt Contracting Company in the recovery of the judgment in the supreme court at Knoxville, and a lien was declared by the court in that case to secure his reasonable fees. By reason of this lien of H. M. Carr, he was made a defendant to the bill filed in this cause by McDowell, so that the court might determine the amount of his fee and to the end that complainant might subject the remainder of said judgment to the satisfaction of his claim.

The bill was for no other purpose than to attach whatever fund might be due the Hunt Contracting Company after the fee of H. M. Carr was adjudicated. The Hunt Contracting Company by answer denied any liability due McDowell, but also filed its answer as a cross-bill against said Carr to have his fee adjudicated. The defendant Carr filed his answer in which he claimed that he was entitled to a fee of not less than $4,000. Jurisdiction was obtained in Davidson county in this cause by reason of the fact that one Calhoun, who re-

sided in Davidson county, was a party defendant to the original bill. After the pleadings were made up and before any proof was taken, the complainant, J. R. McDowell, and the Hunt Contracting Company, compromised all their differences, and it was agreed that, in case the McDowell Construction Company would pay into the hands of the supreme court clerk at Knoxville $3,500, said Carr would sign a release of his lien upon the recovery and look alone to this $3,500 so deposited for the satisfaction of his claim; the said Carr concurring in this settlement. The McDowell Construction Company thereupon paid into the hands of the clerk of the supreme court $3,500, and the said H. M. Carr released his lien on the remainder of the recovery. When this was done, J. R. McDowell, complainant in the present case, dismissed his suit in the chancery court at Nashville and assumed all the costs of the case. Thereupon the chancellor, on motion of defendant Carr, dismissed the cross-bill. It is from the order dismissing the cross-bill that this appeal is taken by the Hunt Contracting Company.

Appellant contends that the cross-bill should have been retained in court in order to adjudicate the amount of the fee of H. M. Carr, and that the chancellor was in error in dismissing said cross-bill, and this is the issue presented for our determination.

Preliminary to the disposition of the matter, it may be said that the cross-bill against H. M. Carr could not have been prosecuted for want of jurisdiction over him in the chancery court at Nashville had it not been for

the fact that the original bill, by making a party residing in Davidson county a defendant, had brought Carr before the court; he being a nonresident of Davidson county.

The original bill in the cause asked for the adjudication of Carr's fee, as did also the cross-bill. Will the dismissal of the original bill so dispose of the litigation as that the cross-bill should necessarily be also dismissed?

The dismissal of the original bill by the complainant ordinarily carries the cross-bill with it, or the answer when filed as a cross-bill, but when either the cross-bill or the answer filed as a cross-bill, sets up grounds for affirmative relief on which proof has been taken, the dismissal of the original bill by the complainant does not carry with it the cross-bill, or answer filed as a cross-bill, but leaves such cross-bill in court for prosecution to final decree.

This statement of the rule is contained in Gibson's Suits in Chancery, sec. 726, and is a statement supported by the Tennessee authorities. *Partee* v. *Goldberg,* 101 Tenn., 664, 49 S. W., 758. See, also, Story's Eq. Pleading, sec. 399, note.

In the case of *Partee* v. *Goldberg,* Judge Wilkes, who delivered the opinion, reviewed the authorities upon the question, and held that an answer filed as a cross-bill has the same force and effect as if the defendant had answered and then filed a cross-bill, and is not limited to the purposes of defense alone, but is an auxiliary suit for the purpose of enforcing rights growing out

of the transaction involved in the original suit but set out in the cross-bill and of bringing forward offsets and counter demands. Attention is called in that case to the fact that Chancellor Cooper held, in 3 Tenn. Ch. 284, that a cross-bill is simply defensive, and if the original bill is dismissed the defense necessarily fails also, and although a regular cross-bill might in some cases be treated as an original bill, no such favor can be shown to an answer filed as a cross-bill, and in that case he held that the answer filed as a cross-bill must go with the original bill, though it charged facts calling for affirmative relief. The court, however, stated, in *Partee* v. *Goldberg*, that when the cross-bill sets up additional facts relating to the subject-matter embraced in the original bill, but which facts are not alleged in the original bill, and asks affirmative relief, the dismissal of the original bill does not dispose of the cross-bill, citing 5 Enc. Pl. & Prac., 663, and cases in footnotes.

The particular question here presented is somewhat different from that decided in *Partee* v. *Goldberg*. In that case it was a question as to whether the defendant's cross-bill against the original complainant should be allowed to stand after proof had been taken and after complainant had voluntarily dismissed his original bill, the cross-bill averring facts upon which specific and affirmative relief was claimed and might be granted. The present suit is one where one defendant has filed a cross-bill against another defendant and where jurisdiction could not have been gained on the defendant to the cross-bill but for the fact that he was

McDowell v. Hunt Contracting Co.

rightly brought before the court under the original bill.

It is stated in 5 Enc. Pl. & Prac., p. 664:

''Whether or not, in the absence of a statute, a cross-bill by a defendant against a codefendant for relief will be sustained after dismissal of the original bill, is doubtful; probably it will not.''

The text cites *Elderkin* v. *Fitch,* 2 Ind., 90; *Ables* v. *Planters', etc., Ins. Co.,* 92 Ala., 383, 9 South., 423. In *Elderkin* v. *Fitch,* the original bill was dismissed. One defendant had filed a cross-bill against another defendant. The court considered the cross-bill a dependency merely upon the principal bill, and that the two together made but one suit, and hence the dismissal of the original bill must carry with it out of court the appendage.

We are of the opinion that the chancellor was correct in dismissing the cross-bill in the present case. Defendant H. M. Carr was only in court by virtue of the jurisdiction had of his person by the original bill. Defendant Hunt Contracting Company took advantage of this jurisdiction of its codefendant in order to maintain its cross-bill in the suit for the adjudication of the amount of his fee. Defendant Carr was entitled to pursue his lien in the form and manner he desired but for the fact that he was brought before the court in this manner. When the original bill was dismissed, there was no longer any reason for holding him before the court. The jurisdiction over his person was thereby released, and his codefendant, the Hunt Contracting

McDowell v. Hunt Contracting Co.

Company, had no right to compel him thereafter to submit to the jurisdiction of the court. To do so would be to force him to submit to a trial before a court foreign to his residence after the bill bringing him before the court had been dismissed, the complainant in the dismissed bill thereafter having no interest in the cross-bill.

The cross-bill was ancillary to the original bill in this case, and could only be maintained by virtue of the filing of the original bill. A cross-bill is only auxiliary and is a dependency on the original litigation. It incorporates itself within and becomes a part of the original bill so that it is one suit, and so wedded together are the two bills that an appeal takes them both up.  Gibson's suits in Chy., sec. 726.

The reasons for compelling a complainant to submit to the adjudication of affirmative matters set up in a cross-bill against him, though he dismisses his original bill, are wholly wanting in the present controversy. This is a litigation between two defendants. When the original bill was dismissed, it necessarily dismissed the cross-bill in so far as it sought relief against H. M. Carr, the codefendant. This conclusion is also reached for the reason that the original bill sought the same relief, namely, the adjudication of Carr's fee, which was sought in the cross-bill.  Therefore no new matter was presented by the cross-bill.

We do not mean to admit that a defendant may properly incorporate in his answer to the original bill a cross-bill against another defendant.  Such practice

McDowell v. Hunt Contracting Co.

would tend to confuse pleadings. While our statute allows an answer to be filed as a cross-bill against the original complainant (Shannon's Code, 6133), it is improper to make an answer a cross-bill against other parties. Gibson's Suits in Chancery, sec. 734; *Hall* v. *Fowlkes*, 9 Heisk. (56 Tenn.), 754. But we have treated the matter as waived by defendant Carr in filing his answer to the cross-bill.

Affirmed.