[No. 4475.   Decided July 15, 1903.]

PHILENA McKEE, *Executrix, Respondent,* v. GEORGE
WASHINGTON McKEE *et al., Appellants.*

ACTIONS — VOLUNTARY DISMISSAL — RIGHTS OF DEFENDANT ASKING
AFFIRMATIVE RELIEF.

In an action brought for the construction of a will and to
quiet title thereunder, in which the defendants answered setting
up affirmative matter and asked affirmative relief, the plaintiff
is not entitled to a voluntary dismissal carrying with it the
affirmative matter of the answer.

SAME — DEFAULT — APPEAL — DECISION.

Where motions of the plaintiff for a voluntary dismissal and
of the defendants for default and judgment upon affirmative
matter in the answer are heard at the same time, and the plain-
tiff's motion is erroneously granted, the supreme court upon re-
versing the judgment will not direct the default to be entered,
but will remand with instructions to reinstate the case and pro-
ceed to a hearing, including defendants' motion for default.

Appeal from Superior Court, Walla Walla County.—
Hon. THOMAS H. BRENTS, Judge. Reversed.

*John H. Pedigo* and *Sharpstein & Sharpstein,* for ap-
pellants.

*Marvin Evans* and *Wellington Clark,* for respondent.

PER CURIAM.—The respondent, who was plaintiff be-
low, commenced an action in the superior court of Walla
Walla county, averring, in substance, that she was the exe-
cutrix and devisee of a certain will left by her deceased
husband; that doubts and controversies had arisen as to
her rights and title thereunder, and that she was unable
to carry into effect the bequests made by the maker of the
will because of these doubts and controversies. She prayed
that she have the aid of the court in the construction of the

will, that her title to the property devised be quieted, and that she have such other relief as the court should deem just and equitable. The defendants answered, denying many of the averments of the complaint, and setting up affirmative matter on which they prayed for affirmative relief. After these answers had been filed and served, the respondent moved to dismiss the action without prejudice, and at her cost. While this motion was pending the appellants moved for judgment by default upon the affirmative matter alleged in the answers. These motions came on for hearing together, when the trial court ruled that the respondent was entitled to dismiss her action, and that the dismissal carried with it the affirmative matter set up in the answer, and thereupon entered the following judgment:

"And after argument of counsel upon said motion of the said plaintiff and the submission thereof by them, the court sustains said motion and dismisses this action at the cost of said plaintiff, without prejudice to the said defendants to bring an action embodying the alleged cause of action set up in their answers and cross-complaints herein, and declines to take further action in the premises."

This appeal is from the judgment of dismissal.

The appellants do not question the right of the respondent to abandon her cause of action at any stage of the proceedings, and have a dismissal thereof, so far as she is concerned; but they contend that they, having set up affirmative matter and prayed for affirmative relief, have the right to have the judgment of the court thereon as to the sufficiency of such affirmative matter to state a cause of action against the respondent, and a trial thereon, if adjudged or conceded to be sufficient, and that the abandonment or dismissal by respondent of her own cause of action does not operate as a dismissal of the cause of action

set up by themselves. In *Waite v. Wingate,* 4 Wash. 324 (30 Pac. 81), this court held that the original complaint in an equitable action and a cross complaint filed as a defense thereto constituted but one suit, even though affirmative relief be asked in the cross complaint, and that a dismissal of the original complaint carries the cross complaint with it. In the comparatively recent case of *Washington National Building, etc., Ass'n v. Saunders,* 24 Wash. 321 (64 Pac. 546), however, we held that the rule announced in the case of *Waite v. Wingate* was not in consonance with the spirit of the Code, nor in accordance with the better authorities, and overruled the same. The rule now is, therefore, that when the answer of the defendant to a complaint in an action of equitable cognizance contains averments of fact connected with the subject-matter of the action set out in the complaint, which, if true, will afford affirmative relief, a dismissal of the original complaint will not carry with it the affirmative matter of the answer. Tested by this rule, the action before us should not have been dismissed. The answers of the appellants set up affirmative matters and prayed for affirmative relief. They therefore had the right to the judgment of the trial court as to their sufficiency to warrant an affirmative recovery on their part, and a judgment for the relief demanded, if the allegations should be found sufficient, and should be proved by a preponderance of the evidence if issue be taken thereon.

The appellants moved in the court below for default on their answers, and urge here that the cause be remanded with instructions to grant the default. But, as the trial court dismissed the action on the respondent's motion before reaching the motion for default, the cause will be remanded with instructions to reinstate the case, and pro-

ceed regularly with its subsequent hearing, which will include an investigation of the appellants' right to a default. The judgment appealed from is reversed, and the cause remanded with instructions to proceed in accordance with this opinion.