[No. 7237. Decided June 1, 1908.]

CURTIS FISK, *Respondent*, v. TACOMA SMELTING COMPANY, *Appellant*.[1]

DISMISSAL AND NONSUIT—VOLUNTARY. Under Bal. Code, § 5085, the plaintiff is entitled to voluntary nonsuit at any time before the jury retires, if there is no set-off or counterclaim interposed.

Appeal from a judgment of the superior court for Pierce county, Reid, J., entered September 25, 1907, granting plaintiff's motion for nonsuit, in an action for personal injuries. Affirmed.

*Hudson & Holt*, for appellant.

*Frank S. Carroll*, for respondent.

PER CURIAM.—This is an action for damages for alleged personal injuries. At the conclusion of respondent's testimony, appellant challenged the sufficiency of the evidence and moved the court for a judgment. The motion was denied.

[1]Reported in 95 Pac. 1082.

The respondent asked the court to continue the case so that he might be enabled to procure a witness whose testimony he regarded as essential. The court refused to continue the case; whereupon the respondent asked the court for a voluntary nonsuit, which the court granted. From the ruling of the court in granting the nonsuit, this appeal is taken.

Paragraph 1, § 727, chapter 23, Pierce's Code (Bal. Code, § 5085), the chapter in relation to judgment of nonsuit, is as follows:

"An action may be dismissed, or a judgment of nonsuit entered in the following cases: 1. By the plaintiff himself at any time, either in term time or in vacation, before the jury retire to consider their verdict, unless set-off be interposed as a defense, or unless the defendant sets up a counter claim to the specific property or thing which is the subject-matter of the action."

It will be seen at a glance that the terms of the statute are so certain and definite as to preclude construction. The motion in this case was made before the jury retired, and there was no set-off interposed or counterclaim set up. The court acted by express authority of the statute, and the judgment is therefore affirmed.