[No. 8012.   Department Two.   June 1, 1909.]

PETER McPHERSON, *Appellant*, v. SEATTLE ELECTRIC
COMPANY, *Respondent*.[1]

DISMISSAL AND NONSUIT—VOLUNTARY RIGHT TO.   Under Bal. Code,
§ 5085, the plaintiff has an absolute right to a voluntary nonsuit,
even though the action is tried before the court without a jury, at
any time before submission of the case; and the case is not sub-
mitted where the plaintiff asked the nonsuit before resting because
of the absence of necessary witnesses.

APPEAL—REVIEW—CROSS-APPEALS—ERRORS ALLEGED BY RESPOND-
ENT.   Upon appeal by plaintiff from the erroneous denial of a non-
suit, the defendant cannot by a cross-appeal secure a review of the
merits, as the court was without jurisdiction except to grant the
nonsuit.

APPEAL—REVIEW—ERRORS REVIEWABLE.   Upon appeal from the
denial of a voluntary nonsuit to which plaintiff was entitled as a
matter of right, plaintiff cannot have a review of error of law oc-
curring at the trial; since his remedy by nonsuit and a new action
is complete.

Appeal from a judgment of the superior court for King
county, D. G. Wooten, Esq., judge *pro tempore*, entered
February 13, 1909, dismissing an action for personal injur-
ies, after a trial on the merits before the court without a jury.
Reversed.

*John T. Casey* (*Heber McHugh*, of counsel), for appel-
lant.

*James B. Howe* and *A. J. Falknor*, for respondent.

DUNBAR, J.—This is an appeal from a judgment of the
superior court of King county, in favor of the defendant,
dismissing plaintiff's case on the merits, and for costs.   The
action was for damages for personal injuries.   Defendant's
witnesses were allowed to testify out of order, awaiting
the appearance of the plaintiff's medical witnesses, it being
agreed that the medical testimony might be put in at the

[1]Reported in 101 Pac. 1084.

close of defendant's case.   At the close of plaintiff's case, motion was made by the defendant for a nonsuit, which was overruled.   At the close of defendant's evidence, plaintiff was unable to secure the attendance of his doctors.   The court was not inclined to postpone the case for the purpose of obtaining the testimony, and the plaintiff made a motion for a voluntary nonsuit.   This, counsel for defendant opposed, and the court overruled the motion.   Defendant then moved for judgment, which was granted by the court.   Motion was made for a new trial, and denied; judgment was entered dismissing the action, and appeal followed.

Section 727 of Pierce's Code (Bal. Code, § 5085), is as follows:

"An action may be dismissed, or a judgment of nonsuit entered in the following cases:   (1) By the plaintiff himself, at any time, either in term time or in vacation, before the jury retire to consider their verdict, unless set-off be interposed as a defense, or unless the defendant sets up a counterclaim to the specific property or thing which is the subject-matter of the action. . . ."

We held, in *Fisk v. Tacoma Smelting Co.*, 49 Wash. 514, 95 Pac. 1082, that the terms of this statute were so certain and definite as to preclude construction.   In this case, as in that, there was no set-off interposed or counterclaim set up, for it cannot be reasonably asserted that a plea of contributory negligence is a counterclaim or set-off within the meaning of the statute.   It is contended, however, by the respondent that this case can be distinguished from the case just cited, from the fact that in the case at bar the trial was had before the court, a jury having been waived, and that the case was submitted to the court when the testimony was produced.   But, while it may be true that all the testimony in relation to the question of contributory negligence had been submitted to the court, the testimony was not all in, and the appellant was asking for time to bring before the court the medical testimony which he desired to introduce.

So that the case had not been submitted, in the sense in which it is submitted to a jury at the time they retire to consider their verdict under instructions of the court, and there seems to be no good reason for making a distinction between the rights of the plaintiff in a case that is tried before a jury and those in one which is tried by the judge. This statute confers upon the plaintiff an absolute right to dismiss his cause or take a judgment of nonsuit, and the granting of that right is therefore not discretionary with the court. If it were discretionary, there are many points raised by the respondent's brief which it might be interesting to consider, but which are immaterial under our view of the right conferred by the statute.

The respondent has thought it necessary, to protect its interests on the merits of the case, to prosecute a cross-appeal, and has brought up a statement of facts in which are involved the merits of the case. But the merits of the case cannot be considered by the court on this appeal, for the reason that, when the appellant asked for a nonsuit, the court had no jurisdiction to pass upon any other question, and no right to do aught but to grant the motion, and any further proceeding of the court was entirely without jurisdiction and void.

The appellant asks that the judgment be reversed and a new trial granted, and claims that, under the provisions of Pierce's Code, § 707 (Bal. Code, § 5071), he is entitled to a new trial for error in law occurring at the trial and excepted to at the time. But the real error which was committed by the court in this case was in refusing to sustain the appellant's motion for a nonsuit. If the court had granted that motion, the appellant would not have been entitled to a new trial, but would simply have had the right to bring another action without prejudice. It was from that ruling of the court that he has appealed, which ruling constitutes his real grievance, and when the judgment is reversed and the cause remanded with instructions to the lower court to

grant him the nonsuit which he prayed for, his remedy is
complete.

The judgment is therefore reversed, with instructions to
grant appellant a nonsuit as asked for.

RUDKIN, C. J., PARKER, MOUNT, and CROW, JJ., concur.