[No. 9549. Department One. August 10, 1911.]

WALTER WILLIAMS, *Respondent*, v. THE CITY OF SPOKANE,
*Appellant*.[1]

DISMISSAL AND NONSUIT—VOLUNTARY—TIME FOR—STATUTES. Under Rem. & Bal. Code, § 408, providing that a plaintiff may take a judgment of nonsuit at any time before the jury retires, it is not an abuse of discretion to grant plaintiff a nonsuit without prejudice after argument upon defendant's challenge to the sufficiency of plaintiff's evidence, and after the court had indicated its view that the evidence was insufficient and had denied plaintiff's request to reopen the case for further evidence.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered December 8, 1910, granting a voluntary dismissal without prejudice, on motion of the plaintiff, in an action for personal injuries. Affirmed.

*Fred B. Morrill* and *Cannon, Ferris, Swan & Lally*, for appellant, contended, among other things, that when defendant made its motion for judgment and plaintiff resisted the same and argued the case before the court, the case was finally submitted to the court on a question of law, under Rem. & Bal. Code, § 340, and thereafter plaintiff was not entilted to dismiss his case; and Rem. & Bal. Code, § 408, subdiv. 1, has no application. *Nashville, C. & St. L. R. Co. v. Sansom*, 113 Tenn. 683, 84 S. W. 615; *Parks v. Southern R.*, 143 Fed. 276; *Huntt v. McNamee*, 141 Fed. 293; *Sharp v. Brown*, 34 Neb. 406, 51 N. W. 1030; *State v. Scott*, 22 Neb. 628, 36 N. W. 121; *Johnson v. Bailey*, 59 Fed. 670; *Fronk v. Evans City Laundry*, 70 Neb. 223, 96 N. W. 1053; *Bee Co. v. Dalton*, 68 Neb. 38, 93 N. W. 930; *Warner v. Warner*, 83 Kan. 548, 112 Pac. 97; *Dunkle v. Spokane Falls & N. R. Co.*, 20 Wash. 254, 55 Pac. 51.

DUNBAR, C. J.—This action was commenced by plaintiff to recover damages for personal injuries received by him

[1]Reported in 117 Pac. 251.

while employed by the defendant. It is not necessary to enter into a review of the character or cause of the accident which occasioned the injury. At the close of the plaintiff's testimony, defendant challenged the sufficiency of the evidence to support any verdict, and moved the court for an order dismissing the case. Extended argument pro and con upon this motion was made, and the court, after reviewing the testimony at some length and giving his views on the law of the case, concluded as follows, addressing one of counsel for the plaintiff:

"Well, those are the doubts that suggest themselves to me. I do not mean that my position is impregnable, but I am merely telling you what my position is, and if counsel care to present their case further in the morning upon that line, I will hear what you have to say about it. But those are my doubts and the doubts which you must remove to have a favorable ruling."

When the court convened the following morning, there was no resumption of the argument commenced the day before, but counsel for plaintiff asked permission of the court to reopen the case and introduce additional evidence. This request was earnestly opposed by counsel for the defense, and was finally denied by the court. Whereupon counsel for the plaintiff moved the court to voluntarily dismiss without prejudice, so that the suit could be brought over again and properly presented and properly tried. Counsel for the defendant objected to this motion, saying: "I base my objection on the ground that a decision has already been announced and it is too late to dismiss." To which the court responded:

"I do not think so. I merely suggested to Mr. Crane the propositions on which I had my doubts and gave my reasons for the faith that was in me, and said to him I would be glad to hear from him this morning if he could dispel those doubts. I did not intend from what I said to decide this case, although I gave my reasons at some length for my view, which I said would require considerable argument to change. But I did not intend it as a decision in the case. It was merely a statement to counsel on the point I desired to hear

him on, and the reason why I wanted to hear him on that point."

Counsel for the defense again insisted that the court had decided the case, and the court reiterated the fact that he did not intend to decide the case and that there was no decision announced, concluding: "I think the motion to dismiss without prejudice should be granted;" to which an exception was taken. Judgment was entered accordingly, and appeal followed.

The law on which the motion for a voluntary nonsuit was based is Rem. & Bal. Code, § 408, and is as follows:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases:

"(1) By the plaintiff himself, at any time before the jury retire to consider their verdict, unless setoff be interposed as a defense, or unless the defendant sets up a counterclaim to the specific property or thing which is the subject-matter of the action; . . ."

It is the appellant's contention that the motion made by the appellant required the court to decide whether or not the plaintiff was entitled to have his case submitted to a jury; that this raised an issue of law which would be decisive of the case; that the plaintiff has no right to dismiss a case when the proceedings have reached a stage which has given the defendant a right against the plaintiff, and that this case had reached that stage when the defendant had a right to a judgment in its favor on the merits, and that the court erred in allowing plaintiff to dismiss; that when defendant made its motion for judgment and plaintiff resisted the same and argued the motion before the court, the case was finally submitted to the court on a question of law, and that, after it was so argued and submitted, plaintiff was not entitled to dismiss his case, especially after the court had stated his views of the law which must control the ruling on this motion; and an extended argument is made in support of this contention, and many cases are cited to sustain appellant's views. But a reading of the cases cited convinces us that

they do not reach the point involved in the case at bar.   The
first case cited, *Nashville etc. R. v. Sansom*, 113 Tenn. 683,
84 S. W. 615, cited in the brief as 85 S. W., held that where
issue was joined on the demurrer to the plaintiff's evidence it
was too late after argument of the demurrer for plaintiff to
take a nonsuit; that by joining issue on a demurrer to plain-
tiff's evidence the case was withdrawn from the jury and was
submitted to the court.   But on an examination of the statute
of Tennessee, the case being decided by the supreme court of
Tennessee, it will be seen that there is a substantial dissimi-
larity between that statute and ours.   Section 4689 of Shan-
non's Code, then under consideration by the court, provides
that:

"The plaintiff may, at any time before the jury retires,
take a nonsuit or dismiss his action as to any one or more
defendants, but if the defendant has pleaded a set-off or
counterclaim, he may elect to proceed on such counterclaim
in the capacity of a plaintiff."

Section 4690:

"The defendant may, in like manner, withdraw his counter-
claim at any time before the jury retires to consider of their
verdict."

Section 4691:

"If the trial is by the court instead of the jury the nonsuit
or demurrer provided for in the last two sections shall be
made before the cause is finally submitted to the court, and
not afterwards."

The court in passing upon the question said:

"Such was the status in the present case when the motion
for leave to take a nonsuit was made.   The case had been
withdrawn from the jury and submitted to the court.   It was
then controlled by section 4691.   There was a final submis-
sion to the court when the argument upon the demurrer to
the evidence was at an end.   The section of the code last re-
ferred to provides that, when the case has reached this stage,
no nonsuit shall be allowed."

So that it will be seen that this case was decided squarely upon a provision of the statute which is not found in our law at all. By reference to our statute it will be seen that the sweeping provision that the plaintiff shall have a right to a judgment of nonsuit any time before the jury retire to consider their verdict has no qualification except those expressed in the section, viz., unless set-off be interposed as a defense or unless the defendant sets up a counterclaim to the specific property or thing which is the subject-matter of the action, and it is difficult to construe a statute which so plainly confers an unrestricted right.

In *Parks v. Southern R. Co.*, 143 Fed. 276, the rule was announced as a general rule pertaining to the Federal courts that, in a state where a plaintiff is entitled to take a nonsuit as a matter of right, such right must be exercised in a Federal court before the cause has been submitted for decision either to the court or jury; the court saying:

"At common law the action of the court upon a motion for a nonsuit was not a discretionary one, but the plaintiff, as of right, could at any time before verdict exercise this privilege; and this is now substantially the rule in North Carolina. But the more reasonable practice, certainly so far as the Federal court are concerned, is that the plaintiff has the right to take a nonsuit at any time before a case has been submitted to the judge or jury for determination. The plaintiff upon the making of a motion to instruct a verdict against him, that being one of the methods in the Federal court of finally disposing of the cause, should then elect whether or not he will take a nonsuit, and not submit his cause upon a full hearing of that motion to the court, and take chances of an adverse decision thereon. From the time of the submission of the motion to instruct a verdict the granting of a nonsuit lies wholly in the discretion of the court; and if the court should be of the opinion that the plaintiff for any reason has been deprived of a right to submit all the evidence on which he relied, or anything should occur during the trial in the nature of a surprise to the plaintiff, there should be a liberal exercise of this discretion in his favor;"

thus announcing the doctrine that the right to have the mo-

tion granted was a discretionary right rather than a positive right. The court in that case had refused to grant the nonsuit, and the judgment was sustained on the theory that the granting of the nonsuit was wholly within the discretion of the court.

It might be true, as was said by Mr. Justice Field in the case of *Oscanyan v. Arms Co.*, 103 U. S. 261, that if the court was perfectly satisfied that the plaintiff had failed to make out a case after a full presentation of all his available testimony, it would be idle to grant a motion for a voluntary nonsuit, for the result finally could be nothing more than would be attained by sustaining a demurrer to the sufficiency of the testimony. To the same effect is *Johnson v. Bailey*, 59 Fed. 670, where it was decided that, after the trial was actually begun, the plaintiff has no absolute right to take a nonsuit, and the same lies in the liberal discretion of the court. In *Huntt v. McNamee*, 141 Fed. 293, it was again decided that, where a voluntary nonsuit was permitted by the state practice, it was within the discretion of a Federal court to refuse to allow a nonsuit after plaintiff had concluded his evidence, and a motion by defendant for direction of a verdict had been submitted and sustained, on the grounds both of the insufficiency of the complaint and of the evidence to sustain it. In this case also the trial court had refused to sustain the motion for a voluntary nonsuit, and judgment was affirmed on the theory advanced in the other cases, that it was a matter of discretion with the court. The same condition existed in *Sharp v. Brown*, 34 Neb. 406, 51 N. W. 1030. The other cases cited by appellant, without specially reviewing them, all announce the same doctrine, viz., the doctrine of the discretion of the court.

In the case at bar it will be remembered that the cause which prompted the motion for a nonsuit was the refusal of the court to allow the plaintiff to introduce additional testimony. The statute conferring the right of the plaintiff to take a voluntary nonsuit was made for the benefit of litigants

who, through mistake or inadvertence, fail to get before the court or the jury all the available testimony in the case, and to prevent a miscarriage of justice. It must be in the interest of justice that the court is permitted great discretion in matters of this kind, and there can be no virtue in the contention that this motion should not have been allowed by the court because a prior motion had been made for judgment on the testimony. The result of a lawsuit ought not to abide the result of a race between opposing counsel in making motions; and if the plaintiff was entitled to the motion for a nonsuit under all the circumstances of the case, he was as much entitled to it after the motion made by the defense as he was before. Justice demands that large discretion should be vested in the court in the trial of a lawsuit. The court has an undoubted right to hold one motion in abeyance until it decides another. It has a right to reopen a case and admit additional evidence, when it can determine from the whole proceedings in the case that a failure to do so would work an injustice. It has a right to recall witnesses for further examination; to allow witnesses to correct their testimony; to admit irrelevant testimony on a promise to subsequently show relevancy, etc. It is said by Thompson on Trials, page 310, in giving a review of the large discretionary powers of a court, that the court may allow a party to introduce further evidence, after the testimony is closed on both sides, after a demurrer to the evidence has been made, after the argument has commenced, and even after the argument has closed. We have examined the record in this case, and think that the court plainly had discretionary power to grant the motion for a nonsuit, and that such discretion was not abused.

The judgment will therefore be affirmed.

MOUNT, GOSE, and FULLERTON, JJ., concur.