[No. 13468.    Department One.    June 26, 1916.]

HERRING-HALL-MARVIN SAFE COMPANY, *Appellant*, v.
PURCELL SAFE COMPANY, *Respondent*.[1]

DISMISSAL AND NONSUIT—GROUNDS—EFFECT ON COUNTERCLAIMS.
Judgment on appeal directing the dismissal of the action because of
an agreement for arbitration of the dispute carries with it the dismissal of defendant's counterclaims, without prejudice; since the
ground of the dismissal obviously went to the whole controversy.

Appeal from a judgment of the superior court for King
county, Dykeman, J., entered September 1, 1915, in favor
of the defendant on remittitur from the supreme court dismissing consolidated actions for replevin and on an account
stated.    Affirmed.

*George R. Biddle*, for appellant.

*Hughes, McMicken, Dovell & Ramsey*, for respondent.

ELLIS, J.—This is an appeal by plaintiff from a judgment
entered on the remittitur pursuant to our decision in a former
appeal by the defendant in the same case.    The original decision by Department One is reported in 81 Wash. 592, 142
Pac. 1153.    Originally plaintiff brought two actions, the
first in replevin, the second on account stated.    The actions
were consolidated and defendant answered, setting up a contract between the parties out of which the whole controversy
arose, and pleading two counterclaims in large sums.    The
trial court found in favor of plaintiff on its complaints and
against defendant on its counterclaims, and entered judgment accordingly.    On the former appeal, the judgment in

[1]Reported in 158 Pac. 477.

favor of plaintiff was reversed and the actions ordered dismissed on the ground that, inasmuch as the contract out of which the whole controversy arose stipulated that all differences between the parties arising out of the contract should be submitted to a board of arbitration whose decision should be final and conclusive, no action could be maintained on the contract by either party until tender of arbitration to the other party and a refusal thereof. Upon rehearing *En Banc*, the majority of the court adhered to the former opinion, and we said "for the reasons therein stated, the judgment is reversed, and the cause remanded with instructions to dismiss the action." 86 Wash. 694, 150 Pac. 1162. Pursuant to the remittitur, the trial court entered a judgment dismissing plaintiff's actions and also defendant's counterclaims, without prejudice. Plaintiff now appeals and is much aggrieved that defendant's counterclaims were not dismissed with prejudice.

It is urged that the counterclaims are separate and independent suits which were tried out and dismissed by the lower court, hence that dismissal was not affected by our decision dismissing the complaints. Plaintiff cites the following decisions which it is asserted sustain this view: *Washington Nat. Bldg., Loan & Inv. Ass'n v. Saunders*, 24 Wash. 321, 64 Pac. 546; *McKee v. McKee*, 32 Wash. 247, 73 Pac. 358; *Gray v. Granger*, 48 Wash. 442, 93 Pac. 912; *Curry v. Wilson*, 57 Wash. 509, 107 Pac. 367. In neither of those decisions, however, did this court go farther than to hold that a plaintiff has no right to dismiss his action when a counterclaim has been interposed by defendant demanding affirmative relief. Counsel also quotes, as sustaining his position, Pomeroy's Code Remedies (4th ed.), p. 851, as follows:

"The plaintiff must file a complaint averring facts which are said to constitute a cause of action in his favor. The defendant is expressly permitted to unite in his answer as many defences and counter-claims as he may have. Suppose that he pleads some defence either by way of denial or of new

matter, and also a counter-claim. On the trial he establishes his defence, and thus defeats the plaintiff's recovery upon the alleged cause of action. Does this success cut off his power to go on and prove the facts constituting his counter-claim, and to obtain the judgment thereon? Such a conclusion would be a monstrous perversion of the statute, and would be a virtual repeal of its express provisions which permit the defendant to unite as many defences and counter-claims as he may have."

All this may be granted as a general rule, but when the defense is one which, if sound, would also defeat an action on the matter set up in his counterclaim, the application of the general rule itself would be "a monstrous perversion of the statute." Where, as here, the plaintiff's cause of action failed because of the arbitration provision in the contract out of which arose, not only the plaintiff's complaint, but also the defendant's counterclaims, it would be monstrous to ignore the mutuality of the contract, set aside the judgment and dismiss the one on that ground and not the other. Suppose the defendant's counterclaims had been fully established and the amount found due to plaintiff set off against them *pro tanto*, leaving a large judgment in favor of defendant, would counsel for plaintiff think for a moment that defendant could rightfully insist upon a cancellation of the finding of the amount due plaintiff on the ground that the whole matter should have been arbitrated and take judgment for the full counterclaims without deduction? That idea would doubtless seem "monstrous" to plaintiff's counsel, as it does to us. Yet there is no distinction in principle between the case here and the case supposed.

Counsel is also much aggrieved that, in the former opinions, this court failed to make specific answer to his argument on this question then as now presented. But the ground upon which the original opinion was based so obviously went to every controversy between the parties that a specific direction as to what disposition should be made of the cross-complaints seemed unnecessary.

The trial court has correctly interpreted the decision. Judgment affirmed.

Morris, C. J., Chadwick, Fullerton, and Mount, JJ., concur.