[No. 15250. Department One. April 7, 1919.]

THE STATE OF WASHINGTON, *on the Relation of Marie Hunter, Plaintiff,* v. J. T. RONALD, *Judge etc., Respondent.*[1]

ACTIONS (10)—DIVORCE (1)—NATURE—LEGAL OR EQUITABLE. An action for a divorce is an equitable action within the rule that a party in contempt is not entitled to dismiss an equitable action.

DISMISSAL AND NONSUIT (4, 8)—VOLUNTARY—GROUNDS OF OBJECTION—CONDITIONS. Rem. Code, § 408, providing that plaintiff may dismiss his action at any time does not give the plaintiff in an action for divorce the right to dismiss while in contempt of court in refusing to comply with an order as to the custody of a child.

Petition filed in the supreme court February 11, 1919, for a writ of mandamus, requiring the superior court for King county, Ronald, J., to grant a voluntary dismissal. Denied.

*Warren Hardy* and *Gill, Hoyt & Frye,* for relator.
*Karr & Gregory* and *H. G. Sutton,* for respondent.

MACKINTOSH, J.—The relator is the plaintiff in a suit seeking divorce and the custody of her minor child. Pending the determination of the action, the respondent ordered the plaintiff to keep the child within the jurisdiction of the court over which he presides. The plaintiff failed to comply with this order, and then moved the court for a voluntary dismissal of her action. The respondent refused to entertain the motion for the reason that the relator was at that time in contempt of court for failure to obey its order. The relator is here seeking a writ compelling the respondent to hear and grant her motion.

Can one who is in contempt of court compel that court to dismiss an action in which such person is

[1]Reported in 180 Pac. 125.

plaintiff? Rem. Code, § 408, provides that an action may be dismissed by the plaintiff at any time before the jury retires to consider its verdict unless a set-off or counterclaim has been interposed by the defendant. In *McPherson v. Seattle Electric Co.*, 53 Wash. 358, 101 Pac. 1084, we held that this statute conferred an absolute right upon the plaintiff to dismiss, and that the court had no discretion when such motion was presented. *Fisk v. Tacoma Smelting Co.*, 49 Wash. 514, 95 Pac. 1082; *State ex rel. Bradway v. De Mattos*, 88 Wash. 35, 152 Pac. 721. The general rule is that a person in contempt of court has no right to be heard as to matters of favor; but, on matters of strict right, the court is compelled to hear him, notwithstanding that he may be in contempt. This rule, however, seems to be subject to certain exceptions in actions of an equitable nature. In *Washington Nat. Bldg. Loan & Inv. Ass'n v. Saunders*, 24 Wash. 321, 64 Pac. 546, we cited with approval the following statement:

"The general proposition is true that a complainant in an equity suit may dismiss his bill at any time before the hearing, but to this general proposition there are some well recognized exceptions. Leave to dismiss a bill is not granted where, beyond the incidental annoyance of a second litigation upon the subject-matter, such action would be manifestly prejudicial to the defendant."

In *Smith v. Smith*, 2 Blackf. 232, the supreme court of Indiana said:

"Although a cause is brought to a hearing and an issue directed, until that issue is tried and there has been a determination, let the cause be in what stage it may, the complainant may, upon motion, dismiss his bill upon payment of costs. There is, however, another rule of chancery practice equally gen-

eral, viz. that when a party is in contempt, he can not be heard until he clears his contempt.''

We are thus called on to determine the nature of a divorce action. In *Loeper v. Loeper,* 81 Wash. 454, 142 Pac. 1138, this court said that: ''An action for divorce is a civil action based upon statute''. A better definition is that a divorce action is *sui generis,* and possesses many equitable features, and they are so pronounced that, in our opinion, the plaintiff in such action should be subject to the equitable rule above referred to. It is sometimes laid down absolutely that divorce actions are equitable actions even under code procedure. 9 R. C. L. 247; *Wadsworth v. Wadsworth,* 81 Cal. 182, 22 Pac. 648, 15 Am. St. 38.

The relator having been in contempt, will not be allowed to present her motion to dismiss her action until she has cleared herself of that contempt.

The writ will be denied.

CHADWICK, C. J., MAIN, MITCHELL, and TOLMAN, JJ., concur.