[No. 18752. Department Two. March 26, 1925.]

W. B. HERR, *as Receiver etc., Respondent,* v. LEWIS SCHWAGER *et al., Appellants.*[1]

DISMISSAL AND NONSUIT (1)—RIGHT TO VOLUNTARY DISMISSAL—STATUTES. Rem. Comp. Stat., § 408, gives the plaintiff the absolute right to a voluntary nonsuit, where there is no set-off or counterclaim pleaded, notwithstanding defendant's plea of the statute of limitations which at the time suit was commenced was a complete defense, but which was subsequently amended so as to be not available.

LIMITATION OF ACTIONS (5)—EFFECT OF REPEAL OF LAW—EXISTING CAUSES OF ACTION. The bar of the statute of limitations may be removed by the legislature as to pending actions as well as to actions subsequently commenced.

Appeal from an order of the superior court for King county, Ronald, J., entered December 14, 1923, granting a voluntary dismissal without prejudice, on motion of the plaintiff, in an action by a receiver to recover assets of an insolvent corporation. Affirmed.

*Kerr, McCord & Ivey,* for appellants.
*Guie & Halverstadt,* for respondent.

FULLERTON, J.—On March 4, 1922, the National Steel Car Corporation, Limited, recovered a judgment in the superior court of King county against Schwager & Nettleton, Incorporated, in the sum of $13,404.69, as for a breach of a contract to deliver lumber. On this judgment an execution was issued which was returned by the sheriff wholly unsatisfied. Thereafter and on August 14, 1922, the respondent Herr was appointed receiver for the judgment debtor. On December 30, 1922, the receiver instituted the present action against Lewis Schwager and Walter B. Nettleton, individually, to recover in the amount of the judgment, alleging:

[1]Reported in 234 Pac. 446.

"That from August 20, 1918, to December 31, 1919, the defendants above named were the sole stockholders of Schwager & Nettleton, Inc., and each were trustees thereof; that during said period the said Lewis Schwager on open account withdrew from the assets, property and capital of said Schwager & Nettleton, Inc., the sum of $23,024.79, no part of which was due or owing to him, but was simply a taking of the assets and property of said company, and the same exhausted all of the assets and property of the company. That no part of the same was declared in the form of dividends, nor was there any meeting of the trustees of said corporation, or of the stockholders thereof during said period. That said sums were taken with the knowledge and consent and with the agreement of the defendant, W. B. Nettleton, and were done for the purpose of placing the assets of said corporation beyond the reach of its creditors, and for the purpose of making it impossible for the creditors of said corporation to collect sums due and owing. That the same was done with the knowledge on the part of said Schwager and said Nettleton of an outstanding claim against the said corporation, and with the purpose of making it impossible for said claimant to collect the amount which was due to it from said Schwager & Nettleton, Inc."

The defendant Nettleton alone answered. In his answer he denied the allegations of the complaint thought to charge him with liability, and set up two affirmative defenses. In the first, he alleged that the judgment against the corporation of Schwager & Nettleton had been reduced, on an appeal to the supreme court, to the sum of $3,982.20, with interest at the rate of six per cent per annum from April 1, 1920. In the second, he set up the statute of limitations.

On September 11, 1923, the receiver moved to dismiss the action without prejudice. It seems that the action had been begun without first obtaining leave of court, and before the receiver had given notice to creditors to file their claims, and before any such

claims had been actually filed with him. The defendant opposed the motion to dismiss, filing written objections thereto. In these he offered to waive any objection that might be made to the right of the receiver to maintain the action because of the matters above recited, and alleged that a dismissal of the action would deprive him of a substantial right, "namely, that of availing himself of the statute of limitations that was prescribed at the time of the institution of the . . . action." The objections were supported by the affidavit of his counsel. The affidavit recited that, since the institution of the action, the legislature had undertaken to amend the section of the statute of limitations applicable to the cause of action, so as to render it doubtful whether the plea of the statute would be available as a bar to a new action based on the same cause of action. The trial court granted the motion, dismissing the action without prejudice to the institution of another for the same cause of action, and this appeal is from the order of dismissal.

The statute relating to the dismissal of actions, and judgments of nonsuit, is found at § 408 of the code (Rem. Comp. Stat.) [P. C. § 8122]. It provides:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases:

"1.    By the plaintiff himself, at any time before the jury retire to consider their verdict, unless setoff be interposed as a defense, or unless the defendant sets up a counterclaim to the specific property or thing which is the subject matter of the action;  . . ."

In construing this statute, we have held that it left no discretion with the trial court; that it vested an absolute right in the plaintiff to dismiss his action which the trial court was not at liberty to ignore, where the specified statutory exceptions did not intervene. *Lowman v. West,* 7 Wash. 407, 35 Pac. 130; *Washington Nat. Building, Loan & Inv. Ass'n v.*

*Saunders,* 24 Wash. 321, 64 Pac. 546; *McKee v. McKee,* 32 Wash. 247, 73 Pac. 358; *Gray v. Granger,* 48 Wash. 442, 93 Pac. 912; *Fisk v. Tacoma Smelting Co.,* 49 Wash. 514, 95 Pac. 1082; *McPherson v. Seattle Electric Co.,* 53 Wash. 358, 101 Pac. 1084; *Williams v. Spokane,* 64 Wash. 484, 117 Pac. 251; *Kosinski v. Hines,* 110 Wash. 25, 187 Pac. 712.

We have also held that the rule was applicable to a cause tried by the court without the intervention of a jury. In *McPherson v. Seattle Electric Co., supra,* the action was for personal injuries and was on trial before the court sitting without a jury. The plaintiff was unable to procure the attendance of certain of his witnesses. The court refused to postpone the case for that purpose, whereupon the plaintiff moved for a voluntary nonsuit. The defendant then moved for judgment in its favor, which the court granted. On appeal to this court, the judgment was reversed and the cause remanded with instructions to grant the plaintiff's motion. In the course of the opinion, after quoting the statute hereinbefore set out, we used this language:

"We held, in *Fisk v. Tacoma Smelting Co.,* 49 Wash. 514, 95 Pac. 1082, that the terms of this statute were so certain and definite as to preclude construction. In this case, as in that, there was no set-off interposed or counterclaim set up, for it cannot be reasonably asserted that a plea of contributory negligence is a counterclaim or set-off within the meaning of the statute. It is contended, however, by the respondent that this case can be distinguished from the case just cited, from the fact that in the case at bar the trial was had before the court, a jury having been waived, and that the case was submitted to the court when the testimony was produced. But, while it may be true that all the testimony in relation to the question of contributory negligence had been submitted to the court, the testimony was not all in, and the appellant was asking for

time to bring before the court the medical testimony which he desired to introduce. So that the case had not been submitted, in the sense in which it is submitted to a jury at the time they retire to consider their verdict under instructions of the court, and there seems to be no good reason for making a distinction between the rights of the plaintiff in a case that is tried before a jury and those in one which is tried by the judge. This statute confers upon the plaintiff an absolute right to dismiss his cause or take a judgment of nonsuit, and the granting of that right is therefore not discretionary with the court.''

In the light of the foregoing cases, it would seem that the motion of the plaintiff to dismiss was rightly granted. The statute of limitations is a defense to an action. It has in it the elements of an estoppel. As applied to a single cause of action it is in itself a complete defense. It, however, furnishes no basis for an independent cause of action, nor does it furnish a basis for affirmative relief when interposed as a defense to a cause of action. This is not so as to a set-off or a counterclaim. These may be partial as well as complete defenses. In themselves they have the elements of an independent cause of action, and can be made the basis for affirmative relief when interposed in answer to an action. It follows that a plea of the statute of limitations is in no sense a plea of set-off or a plea of counterclaim, and, under the express terms of the statute, is not a plea upon which the court may deny the plaintiff the right to dismiss his cause of action.

But the appellant contends, if we have correctly caught his meaning, that, since he interposed the defense of the statute at a time when under the law it furnished a complete defense to the action, and that since it may not be a defense to a subsequent action, he has acquired thereby some right which vests in the court a discretion to deny a dismissal, even though the

right might be absolute under other circumstances.  In support of the contention he quotes the following from Corpus Juris (18 C. J., p. 1158, § 31):

"Plaintiff may dismiss any claim where such dismissal will not prejudicially affect the interests of defendant, but he will not be permitted to dismiss, to discontinue or to take a non-suit when by so doing defendant's rights will be prejudiced or he will be deprived of any just defense.  Nevertheless the injury which would thus be occasioned to defendant must be of a character that deprives him of some substantive rights concerning his defenses not available in a second suit or that may be endangered by dismissal,  . . ."

But, as we understand it, the rule quoted is applicable only in those jurisdictions where the court may, as a matter of right, and in all cases, exercise a discretion when determining whether it will or will not grant a motion to dismiss.  Where the right is absolute, we do not understand that it is affected by the nature of the defense interposed.  Again, we think the principle assumed mistakes the rule.  If the legislature has power to remove the bar of the statute of limitations after it has fully vested, it may remove it as to pending actions as well as to actions instituted subsequent to the removal.  This being the rule, the fact that the statute has been pleaded to a pending action would not vest in the court a discretion where otherwise it would have none.

The order appealed from is affirmed.

TOLMAN, C. J., HOLCOMB, MAIN, and BRIDGES, JJ., concur.