**RENFROE et al. v. JOHNSON et al.**

**No. 5572.**

Court of Civil Appeals of Texas. Amarillo.

Oct. 4, 1943.

Rehearing Denied Nov. 1, 1943.

W. E. Davenport, of San Angelo, for appellants.

L. D. Ratliff, Jr., of Spur, for appellees.

STOKES, Justice.

The record in this case shows that at the December 1942 term of the district court, appellee, Ruby Johnson, joined by her husband, and four children by a former marriage, filed suit against appellants on four promissory notes aggregating $3,727.28. One of the notes was due and payable in 1921, one due and payable in 1923, and the other two were due and payable in 1924.

Appellants filed an answer in which they pleaded the four-year statute of limitation, Article 5527, R.C.S.1925, whereupon appellees immediately took a nonsuit and the court dismissed the case without prejudice. On March 12, 1943, appellees filed this suit upon the same notes for the April 1943 term, which was the next term of the court after the case had been dismissed upon their motion for a nonsuit in December 1942. Appellants again filed their pleas of limitation under the four-year statute and alleged that, at the previous term of the court, appellees had filed an identical suit upon the same cause of action and when appellants filed their pleas of limitation appellees took a nonsuit, and that their attorney stated in the courtroom at that time that appellees would file suit against appellants on the notes at every following term of the court. They alleged that the suit was malicious, without probable cause, purely for the purpose of harassing, intimidating, and embarrassing them, and forcing them to expend large sums of money in attorneys' fees, and prayed for an injunction restraining appellees from filing any further suits on the notes. Appellees immediately took another nonsuit, moved the court to dismiss the case, and their motion was granted without prejudice, to their right to re-file the suit. Both dismissals were at the cost of the appellees.

In the judgment, the court found that appellants had not been damaged by the filing of the two suits against them and denied their prayer for an injunction. From that judgment appellants have prosecuted this appeal, and assail the judgment upon the ground that appellees admittedly have no cause of action against them and that, under such circumstances, a court of equity should take jurisdiction and grant an injunction restraining appellees from filing further suits on the same cause of action.

In the findings of fact, the court again states that appellants had suffered no damages by the repeated filing of the suit on the same cause of action and that appellees had filed the suits in an effort to collect the notes. There is no finding that the suits had been filed for the purpose of harassing appellants, nor that appellees had admitted their cause of action was barred by limitations. In their brief, however, appellees admit the notes are barred by limitations, but assert that, under the law, they have the right to file as many suits as they wish, notwithstanding the fact

that their cause of action is barred by the statute of limitations.

■ The law is well established in this, as well as in every other jurisdiction in this country, so far as we know, that no right to an injunction· exists if no damages are recoverable or will be suffered by the party seeking it. The right to relief by injunction is dependent upon injury and in order to obtain an injunction, the party seeking it must show that he has been, or in some manner will be, injured. Marshall v. City of Dallas, Tex.Civ.App., 253 S.W. 887; Sanitary Appliance Co. v. French, Tex.Civ. App., 34 S.W.2d 673; Smiley v. City of Graham, Tex.Civ.App., 37 S.W.2d 289. The court having found that appellants had not been injured by the subsequent filing of the suit and such finding not being challenged by appellants, and the record failing to show that they will suffer injury of such a nature as the law recognizes to be compensable in damages, it follows that no error was committed by the court in denying the injunction. Moreover, it is well settled that matter which will constitute a defense of which a party may avail himself in a legal action can not be made the ground of an injunction to restrain proceedings in a court of law. Pruett v. Trifon, Tex.Civ.App., 124 S.W.2d 868. The plea of limitations is essentially a legal ground of defense that will be available to appellants at any time suit is filed against them on the notes, and the entire matter is essentially one of legal, and not equitable, cognizance. It does not partake of the nature of a setoff or counterclaim and affords no basis for affirmative relief, such as a plea of adverse possession. Herr v. Schwager, 133 Wash. 568, 234 P. 446.

■ Article 2182, R.C.S.1925, provides that, in a case tried without a jury, at any time before the decision is announced, the plaintiff may take a nonsuit, but the privilege given by the statute is not entirely without limitation. It is the policy of the law to avoid needless litigation, and public policy requires that there be an end to legal controversies. Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Tex. 5, 7 S.W. 368; Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569. The courts, therefore, will not approve of such conduct as appellants apparently fear will be indulged in by appellees and permit them to file suits against appellants repeatedly on the same cause of action for an indefinite period of time and dally with the court by taking advantage of the statute and dismissing the case each time upon the filing of a plea of limitations which they admit is a good defense to their cause of action or when it is shown to be such. Appellants did not oppose the motion to dismiss nor present proof of the facts bearing upon what they contend was the purpose of appellees in taking a nonsuit, nor upon the alleged lack of good faith in asking for a nonsuit. They sought equitable relief, which, as we have said, cannot be granted in the absence of a final judgment or a showing of some injury, and, in our opinion, the court below committed no error in refusing that relief.

The judgment will therefore be affirmed.