[No. 31224. Department One. June 2, 1950.]

*In the Matter of the Estate of* ALFRED CHARLES ARCHER, *Deceased.*[1]

*Bell, McNeil & Bowles* and *George W. Martin*, for appellants.

*Kennett & McCutcheon*, for respondent.

SCHWELLENBACH, J.—This is an appeal from a judgment allowing an attorney's fee to the executrix in a will contest,

[1]Reported in 219 P. (2d) 112.

upon a voluntary nonsuit by the contestants at the opening of the hearing.

These parties have twice been before this court, *McLean v. Archer*, 32 Wn. (2d) 234, 201 P. (2d) 184; *Archer v. Archer Blower & Pipe Co.*, 32 Wn. (2d) 246, 201 P. (2d) 191.

In the present action, the will of Alfred Charles Archer was admitted to probate March 13, 1947. The record does not show when the original petition for contest was filed, but we assume that it was done within the statutory period. November 3, 1947, Olga Cassavant, Glenwood E. Archer, Jr., and Eleanor Archer, a minor, by her guardian *ad litem*, Freda Schonwald, filed their amended petition for contesting the will.

The matter came on for hearing May 2, 1949. At that time, before any testimony was given, petitioners made a motion for a voluntary nonsuit, which was granted. The court thereupon, over objections of contestants, heard testimony and allowed the respondent attorneys' fees of $3,500 for preparing for the hearing on the will contest.

Rule of Practice 4, 18 Wn. (2d) 33-a, provides:

"An action in the superior court, tried either with or without a jury, may be dismissed by the court and a judgment of nonsuit rendered upon the motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case, unless the defendant has interposed a set-off as a defense, or seeks affirmative relief growing out of the same transaction or claim, either legal or equitable, to the specific property or thing which is the subject matter of the action: *Provided*, That the trial judge may thereafter entertain a motion for a voluntary dismissal without prejudice by the plaintiff upon good and sufficient cause in support thereof being first shown, but in such event the granting or refusal of such motion, and the imposition of terms as a condition precedent to the granting of such motion, shall rest in the sound discretion of the trial court.

"This rule shall supersede Rem. Rev. Stat., § 408, subd. 1 [P. C. § 8122-1]. (See chapter 118, Laws of 1925, Ex. Sess., § 2, p. 187; Rem. Rev. Stat., § 13-2 [P. C. § 8676-2].)

The applicable sections of the will contest statutes provide:

Rem. Rev. Stat., § 1385 [P.P.C. § 218-1]. "If any person

interested in any will shall appear within six months immediately following the probate or rejection thereof, and by petition to the superior court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof. Issue shall be made up, tried and determined in said court respecting the competency of the deceased to make a last will and testament, or respecting the execution by a deceased of such last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of such will.

"If no person shall appear within the time aforesaid, the probate or rejection of such will shall be binding and final as to all the world:  .  .  ."

Rem. Rev. Stat., § 1388 [P.P.C. § 218-7]. "If upon the trial of said issue, it shall be decided that the will is for any reason invalid, or that it is not sufficiently proved to have been the last will of the testator, the will and probate thereof shall be annulled and revoked, and thereupon and thereafter the powers of the executor or administrator with the will annexed shall cease, but such executor or administrator shall not be liable for any act done in good faith previous to such annulling or revoking."

Rem. Rev. Stat., § 1389 [P.P.C. § 218-9]. "If the probate be revoked or the will annulled, assessment of costs shall be in the discretion of the court. If the will be sustained, the court may assess the costs against the contestant, which costs may in the discretion of the court include a reasonable attorney's fee."

Rule of Practice 4 supersedes Rem. Rev. Stat., § 408, subd. 1, which provided that a plaintiff could take a voluntary nonsuit at any time before the jury retired to consider their verdict, if tried to a jury, or before the court announced its decision, if tried to the court, unless the defendant had interposed a set-off, or sought affirmative relief growing out of the same transaction, or set up a counterclaim to the property or thing which was the subject matter of the action. In the absence of either of these exceptions, we held, in *Herr v. Schwager*, 133 Wash. 568, 234 Pac. 446, and cases cited therein, that the statute "left no discretion with the trial court; that it vested an absolute right in the plaintiff

to dismiss his action which the trial court was not at liberty to ignore, . . ."

■ Under Rule of Practice 4, in the absence of similar exceptions, a plaintiff is entitled to a voluntary nonsuit at any time before he rests at the conclusion of his opening case. His right so to do is absolute and involves no element of discretion on the part of the trial court. In the case at bar, it is conceded that respondent interposed no set-off as a defense. While her answer, after denying the allegations of appellants' petition, alleged affirmatively that the action was a "conspiracy" instituted because of "greed and avariciousness" and in the hope of "blackmailing" respondent, such accusations do not constitute allegations seeking affirmative relief within the meaning of the rule. Hence, appellants were properly granted a nonsuit.

Turning now to the will contest statutes, we find that the revocation or the sustaining of the will must be upon the trial of the issue. Here there was no trial. We know, as a practical matter, that the action of appellants in taking the voluntary nonsuit made the admission of the will to probate March 13, 1947, "binding and final as to all the world," because the six months' provision of limitation in the statute prevented the institution of another contest. The will was thus sustained, not as a result of a trial, but as a result of the voluntary action of the appellants. Could the court, under these circumstances, allow attorneys' fees?

■ No question is raised as to the reasonableness of the amount allowed. There is no doubt but that respondent was compelled to, and did, make extensive and expensive preparations to meet the charges contained in the petition. In ruling on the matter, the trial court stated that a great deal of preparation was necessary on both sides, and that the case was set down for several days' trial. However, a reading of the will contest statutes clearly indicates the following steps: (1) the probate or rejection of the will; (2) a petition containing objections and exceptions to the will or to the rejection thereof; (3) issues to be made up; and (4) a trial and determination by the court respecting the com-

petency of the deceased to make a will, or respecting the execution of such will under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of such will. If, after all of those steps have been taken, the will is sustained, the court may assess costs, including a reasonable attorney's fee, against the contestant. In the present case, the fourth step, a trial, was not taken.

The language of the statute is unambiguous and leaves no room for construction. We cannot read into it a provision which would allow a recovery of attorneys' fees under the circumstances presented by the case at bar. We feel certain that a situation such as that herein related was not anticipated by the legislature. Nevertheless, if a correction is to be made, it must be made by the legislative branch of the government and not by the judiciary.

The decree allowing attorneys' fees is reversed.

SIMPSON, C. J., HILL, GRADY, and DONWORTH, JJ., concur.

July 18, 1950. Petition for rehearing denied.